The State v. Stanley.

---

No. 22,198.

THE STATE OF KANSAS, *Appellant,* v. F. H. STANLEY, S. W. ECKLES and TOM NORTHUP, *Appellees.*

SYLLABUS BY THE COURT.

1. BOND TO KEEP THE PEACE—*Assault by Principal in Another State— Bond Not Violated.* A bond, given under section 9 of the code of criminal procedure, is not violated by the principal killing, in another state, the person toward whom the principal was particularly bound to keep the peace.

2. SAME—*Suicide of Principal—Relieves Sureties of Liability.* The suicide of the principal in a bond to keep the peace, committed before the term of the district court next after giving the bond, relieves the sureties from liability for the principal's failure to appear at that term of court.

Appeal from Gove district court; JACOB C. RUPPENTHAL, judge. Opinion filed March 8, 1919. Affirmed.

G. A. Spencer, A. R. Buzick, jr., both of Salina, and E. F. Beckner, of Gove, for the appellant.

R. W. Thompson, of Gove, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to recover on a peace bond given by the defendants on May 18, 1917, under section 9 of the code of criminal procedure, conditioned that Joe Napier should "keep the peace toward all the people of the state of Kansas and Pearl Rash more particularly and appear at the next regular term of the district court of Gove county, Kansas." The court sustained a demurrer to the petition, and the plaintiff appeals.

The petition discloses that on July 13, 1917, Napier killed Pearl Rash in Oklahoma and then committed suicide, and that at the next term of court, on October 17, 1917, the bond was declared forfeited.

1. The plaintiff contends that Joe Napier violated the terms of his bond by killing Pearl Rash in Oklahoma. Where was Napier to keep the peace toward Pearl Rash? Necessarily in the state of Kansas. The laws of this state cannot govern the conduct of those who are in another state. The authority of the state ends at the state line. No law of this state has any effect, of its own force, beyond the limits of the state. (Hilton v. Guyot, 159 U. S. 113, 163; 5 R. C. L. 908; 12 C. J. 438; Story on Conflict of Laws, § 7.) Numerous other authorities might be cited. In re Martin, 80 Kan. 245, 101 Pac. 1006, gives some support to the rule. The law authorizing magistrates to require bonds to keep the peace operates exclusively within the state, and controls the conduct of those who give the bonds while they are in the state, and at no other place. When Napier killed Pearl Rash, if he committed a breach of the peace, it was not against the state of Kansas, but against the state of Oklahoma. The bond that he had given did not cover his actions in that state.

Section 7926 of the General Statutes of 1915 reads:

"No recognizance to keep the peace shall be deemed to be broken, except in the case of a failure to appear, as hereinbefore provided, unless

The State v. Stanley.

the principal in such recognizance be, convicted of some offense amounting, in judgment of law, to a breach of such recognizance."

The petition does not disclose that Joe Napier was convicted of any offense involving a breach of the peace toward Pearl Rash.

2. The state argues that the failure of Napier to appear at the October term of the district court in Gove county violated the, terms of the bond and justified a forfeiture thereof; and that, as a consequence, the sureties, the defendants in this action, are liable; but the defendants contend that they are excused from liability by the death of their principal. In 3 Ruling Case Law, page 55, the author says:

"Where the principal in a bail bond dies before judgment is rendered against the surety, so as to put it out of the power of the latter to surrender him in execution, the bail is discharged."

(See, also, 6 C. J. 1053.)

After diligent search, the court has been able to find but one case involving the suicide of the principal in a bail bond. That case is *People v. Wissig*, 7 Daly's Reports, 23 (New York Common Pleas). There suicide occurred after forfeiture of the bond, but the sureties were held not liable beyond the payment of the costs that had been incurred.

The plaintiff responds to the defendants' contention by invoking another rule: that the principal in a bail bond cannot, by his voluntary act, bring about a condition which will render it impossible for him to comply with the bond, and his sureties be relieved from liability. It was Napier's voluntary act that prevented his appearance, and if there is no exception to, or modification of, the rule invoked by the plaintiff, the defendants are liable; but there is an exception to that rule; it is found in sections 8063 and 8064 of the General Statutes of 1915. Those sections provide for the surrender of the principal by his sureties. They had a right to surrender Napier; but when he killed himself, he made it impossible for him to appear in court, or for his sureties to surrender him there, or for the court to take any further proceedings against him. The excuse for the inability of the sureties to produce Napier, as shown in the petition filed by the plaintiff, is a satisfactory one within the meaning of section 8063, and prevents any recovery against the sureties on the bond.

The petition shows a sufficient defense to the action, and the demurrer thereto was properly sustained.

The judgment is affirmed.