**MOONEY et al. v. STATE ex rel. SULLIVAN, Co. Atty.**

No. 18192.    Opinion Filed July 26, 1927.

Rehearing Denied Sept. 27, 1927.

(Syllabus.)

**Appeal and Error—Questions of Fact—Conclusiveness of Findings.**

In law actions, where questions of fact are submitted to the court in the absence of a jury, the court's findings on such questions of fact will not be disturbed by this court on appeal where there is any evidence reasonably tending to support the same.

Error from District Court, Stephens County; E. L. Richardson, Judge.

Action by State of Oklahoma ex rel. P. D. Sullivan, County Attorney, against Bob Mooney et al. Judgment for plaintiff, and defendants appeal. Affirmed.

H. W. Sitton, Anderson & Anderson, and J. L. Vertrees, for plaintiffs in error.

J. H. Long and J. C. Sullivan, for defendant in error.

PHELPS, J. Arch Hensley was charged with the crime of burglary in the district court of Stephens county and gave bond for his appearance for trial, which bond was signed by himself as principal and Bob Mooney and R. E. Begley as sureties. Failing to appear when the case was called for trial, said bond was, on the first day of May, 1924, forfeited and the order and judgment of forfeiture entered upon the records of the court and the county attorney ordered to file suit upon the bond. On the 7th day of October, 1924, the state of Oklahoma ex rel. Sullivan, county Attorney of Stephens county, commenced its action in the district court of Stephens county against the principal and sureties on said bond and· prayed for a judgment against them and each of them in the sum of $1,000, the amount of said bond.

On February 2, 1925, Arch Hensley filed his petition in the original action, praying that the order and judgment of forfeiture entered therein on May 1, 1924, be set aside. Upon hearing the court entered its order and judgment overruling and denying the motion and petition to set aside such forfeiture. From this judgment and order Hensley prosecuted his appeal to this court (No. 16696), which appeal was, on June 15, 1926, dismissed in an opinion by this court (Arch Hensley v. State of Oklahoma, 121 Okla. 47, 247 Pac. 376), upon which opinion mandate was duly issued and spread of record in the district court of Stephens county.

On September 20, 1926, the action on the bond came on for trial in the district court of Stephens county and was tried to the court without a jury, resulting in a judgment for the plaintiff, against each of the defendants, for $1,000 and interest, to reverse which this appeal is prosecuted.

In their brief, counsel for plaintiffs in error argue two assignments of error, the first of which is that incompetent evidence was introduced on the part of the defendant in error. In support of this assignment they cite Boynton v. Crockett, 12 Okla. 57, 69 Pac. 869, but, upon examination of that authority, we are unable to see any application it has to the case at bar. They further cite Bouquot v. Awad, 54 Okla. 55, 153 Pac. 1104, holding that a judgment must be proved by the records of the court rendering such judgment and not merely by the files thereof. In the instant case the files were introduced, but

it appears that the court clerk was also on the witness stand with the appearance docket and records of the judgment, and a careful examination of the record convinces us that the evidence offered, taken as a whole, was competent and proper. This being the case, we are bound by the findings of the trial court.

It is next contended by counsel for plaintiffs in error that this action on the bond was prematurely brought, for the reason that the judgment of forfeiture had not become final at the time the action was filed. A sufficient answer to that contention, however, is found in the fact that the judgment on the forfeiture was entered on May 1, 1924, and no effort was made to vacate it or set it aside until February 2, 1925, after suit on the bond had been filed on October 9, 1924. The cause was not tried and the judgment rendered until after this court had dismissed the appeal from the order of the district court refusing to set aside the judgment of forfeiture, and that judgment had become final.

Considering the record as a whole, this appeal is so manifestly without merit that we cannot see where citation of authorities or further discussion of the facts would serve any useful purpose. The judgment of the trial court is, therefore, affirmed and judgment rendered on the supersedeas bond.

BRANSON, C. J., and LESTER, HARRISON, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. p. 879, §2853; 2 R. C. L. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.