## BEIDLEMAN et al. v. STATE ex rel. BOATMAN, Co. Atty.

No. 19761. Opinion Filed Dec. 9, 1930.

Rehearing Denied Jan. 20, 1931.

Geo. C. Beidleman and H. S. Samples, for plaintiffs in error.

A. N. Boatman and C. M. Gordon, for defendant in error.

LESTER, V. C. J. This appeal involves the judgment of the district court based upon an action against certain sureties on a bail bond executed to the state of Oklahoma. Willie Osborn was the principal and the plaintiffs in error were the sureties.

The condition of said instrument in part being as follows:

"That, whereas, the above named principal stands charged by Grant Gillespie duly presented in the county court of Okmulgee county, Okla., with the crime of manufacturing intoxicating liquors,

"Now, if the said Bill Osburn shall well and truly make his personal appearance before said court at its next term to be begun and holden at the courthouse of said county of Okmulgee, in the city of Okmulgee, on the first day of next term of court and there remain from day to day and term to term of said court until discharged by due course of law, then and there to answer said accusation against him, the obligation shall become void. Otherwise to remain in full force and effect."

Suit was brought to collect the forfeiture on said bond. Trial was had to district court and judgment was rendered against the sureties.

The principal contention of the plaintiffs in error on appeal is that two terms of court were held without bringing Willie Osborn, the principal named in the bail bond, to trial; therefore, the criminal action against the principal should have been dismissed.

Evidence was introduced in the court below in the instant case which shows that no demand was made by the defendant for trial, nor did he make any objection to the continuance of said cause.

In the case of Griffith v. State, 36 Okla. Cr. 322, 254 Pac. 112, it is held:

"Defendant contends that the trial court should have dismissed the prosecution for failure to bring defendant to trial at the next term of court after which the case was triable under the provisions of section 2913, Comp. St. 1921. This court holds that, in the absence of the proper record affirmatively showing the contrary, the presumption is that the case was properly continued for a lawful cause, and where a motion to dismiss is filed, the burden is on the defendant to show that the fault in failing to try a defendant was on the state. Where a defendant is on bail, he must demand a trial or resist a continuance; otherwise he is not entitled to a discharge for the failure to prosecute. Francis v. State, 26 Okla. Cr. 82, 221 Pac. 785. In the case before us, the record shows a docket entry dated December 16, 1924, 'Stricken from the trial docket by agreement.' He not only failed to demand a trial as required by the law, but agreed to a continuance. The motion to dismiss was properly overruled."

The appeal herein is without merit, and

the judgment of the district court is affirmed.

MASON, C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.