PRUITT et al. v. STATE ex rel. FARRIS, COUNTY ATTY.

*97 P. 2d 35.*

No. 29208.   Dec. 12, 1939.

H. H. Brown and Ogden & Thompson, both of Ardmore, for plaintiffs in error.

Weldon Ferris and Roy H. Steele, both of Altus, for defendant in error.

PER CURIAM. This action was brought by the defendant in error against the plaintiffs in error to recover the penalty named in a forfeited appearance bond. The issue joined by the answer was that the action was premature. Trial was had to the court without the intervention of a jury and resulted in a judgment in favor of the defendant in error.

The sole issue which this appeal presents for determination is one of law. The relevant facts are not in dispute and are substantially as follows: The principal named in the appearance bond deliberately breached its terms by refusing to appear when trial of his case was called although he was in the immediate vicinity of the court at the time. When the case had been definitely passed for the term and a bench warrant issued, said principal surrendered himself into the custody of the sheriff and requested the court to set aside the forfeiture and reinstate the bond, but refused to offer any excuse for his failure to appear when his case was called for trial. The court therefore declined to set aside the forfeiture and likewise denied two subsequent applications to the same effect. Thereafter the aforesaid principal entered a plea of guilty to the charge against him and was sentenced to serve a term in the penitentiary.

The plaintiffs in error defended this action upon the theory that an action on a forfeited bail bond cannot be brought or maintained prior to the expiration of the term at which the forfeiture of the bond has been made. The plaintiffs in error base their contention upon that portion of section 2820, O. S. 1931, 22

Okla. St. Ann. § 1108, which reads as follows:

"But, if at any time before the final adjournment of court, the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just."

It will be noted that the statute just quoted affords a defendant and his bail an opportunity to appear at any time before the final adjournment of the court and show cause why the forfeiture of his bond should be set aside, but nowhere does it preclude the maintenance of an action on a forfeited bond prior to the expiration of the term of court at which said forfeiture is had. The plaintiffs in error cite a number of cases which deal with the discretion to be exercised by the court where an application to vacate a forfeiture for valid reasons has been made, but no such situation is here presented. The action being one on a forfeited bond, the sole permissible defense was a legal one. In the case of State ex rel. Buckley v. Drake, 40 Okla. 538, 139 P. 976, it was said:

"In an action on a forfeited bond, the bail will not be exonerated, unless the performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law. Only a legal defense can be heard, and the fact that there was an appearance after forfeiture is not a legal defense, though proper matter to be addressed to the discretion of the court which adjudged the forfeiture, to have same set aside under Comp. Laws 1909, § 7112."

In the recent case of State ex rel. Williams v. Smith, 177 Okla. 321, 59 P. 2d 410, the necessity of presenting a legal defense was again reiterated. In the case at bar it appears that the principal in the bond deliberately breached its terms, offered no excuse for his action in so doing and no legal defense. The contention which plaintiffs in error present is substantiated neither by statute nor prior decisions.

Judgment affirmed.

RILEY, OSBORN, CORN, HURST, and DANNER, JJ., concur.