MANNING v. STATE ex rel. WILLIAMS, County Atty.

No. 30383.   Jan. 13, 1942.

120 P. 2d 980.

Hatcher & Bond, of Chickasha, for plaintiff in error.

T. H. Williams, Jr., County Atty., of Chickasha, for defendant in error.

CORN, V. C. J.   This is an appeal from a judgment rendered by the district court of Grady county, in an action on an appearance bond, wherein the State of Oklahoma, on relation of the county attorney, was plaintiff, and Oscar Mills, as principal, and C. E. Mills and M. J. Manning were defendants.

August 15, 1939, Oscar Mills, as principal, and M. J. Manning and C. E. Mills, as sureties, executed the bond in question for $750, in the justice of the peace court, wherein Oscar Mills had been charged with second-degree burglary. The bond was approved and Oscar Mills was released. The bond required the principal to appear August 31, 1939, to answer the charge, to remain in attendance from time to time, and not to depart from the court without leave.

August 31, 1939, C. E. Mills, the principal's father, appeared and informed the court that the principal had gone fishing and had forgotten the hearing, and asked for a continuance, in order to afford him time in which to produce the principal. Thereupon, on motion of the county attorney, the case was continued until September 12, 1939.

September 12, 1939, the case was called and at that time none of the parties to the bond appeared. Upon motion of the county attorney the bond was ordered forfeited and the county attorney was directed to bring suit thereon. This order was unappealed from. The county attorney immediately filed suit, and on October 1, 1940, the district court rendered judgment for the amount of the bond. Motion for new trial was overruled, and the defendant, M. J. Manning, has appealed, the specifications of error being grouped under two propositions.

The defendant's first proposition is the contention that the order of forfeiture of the appearance bond was void and could not support the action against the sureties. Supporting this contention is the argument that when the principal failed to appear on August 31, 1939, it

was the duty of the justice of the peace to forfeit the bond; and if the county attorney at that time had the cause continued on his own motion, it was the duty of the county attorney to notify the defendants as to the date to which the hearing was continued, in order that defendant might produce the principal at that time. Upon this basis defendant contends that when the justice of the peace continued the case, upon the county attorney's motion, without giving notice of such continuance to the principal and to the defendant, defendant was thereby prevented from producing the principal. Defendant further urges that upon the failure of the principal to appear on August 31, 1939, it was the duty of the justice of the peace to order a forfeiture of the bond at that time, without granting a continuance of the case.

The defendant's entire argument is based upon the theory that it was the act of continuing the hearing without notice to the defendant that prevented the fulfillment of the conditions of the bond. With this argument we do not agree. Defendant never showed, nor offered to show, that he could produce the principal.

Bail, or the granting of bail, is nothing more than a means of procuring the release of one charged with an offense, by insuring his future attendance in court, and compelling him to remain within jurisdiction of the court. The right to bail generally depends upon statutes, since at common law bail was not a matter of right vested in one charged with an offense.

In 8 C.J.S. § 78, page 152, it is stated that:

"Where, however, the bond or recognizance is of a continuing nature conditioned for accused's appearance whenever the court shall order such appearance, at all times from day to day and term to term, the sureties are bound to produce him whenever the court lawfully requires his presence for trial, and the granting of a continuance of the case does not discharge the sureties."

In 6 Am. Jur. § 120, page 95, the following statement is found:

"A continuance of the case, according to the weight of authority, continues the liability of the principal and the sureties on the recognizance, and the rule is the same where the case stands continued by mere operation of law. At least this is the rule under a recognizance conditioned on the appearance of the party charged and his answer to a certain charge that may be preferred against him, at a named term of the court, and that he do and receive what shall be enjoined by the court upon him and not depart from the court without leave. A continuing recognizance is provided for by statute in some jurisdictions whereby the obligation of the surety is extended from term to term until the accused is discharged or surrendered to the proper official." (Citing Knight v. State, 35 Okla. 375, 130 P. 282, L.R.A. 1916F, 371.)

In some jurisdictions it is held that a surety on an appearance bond is bound to know when the defendant's presence for trial is required. State v. Arioso, 207 Iowa, 1109, 224 N. W. 56. Further, a surety on an appearance bond undertakes an absolute duty or obligation to produce the principal at the trial. United States v. Miller, 7 Fed. Supp. 920; Kirk et al. v. State, 144 Okla. 242, 291 P. 90, and authorities cited therein; Beidleman v. State, 147 Okla. 136, 294 P. 1093; 20 A.L.R. 595, et seq.

In view of the rule announced by the cited cases, it is apparent that defendant was bound to either produce the principal at the time specified by the justice of the peace, or in a proper manner excuse his nonappearance. Neither of these alternatives was met. In fact, defendant did not even appear himself, nor did he attempt to make any showing to justify the principal's absence. Having bound himself, by the terms of the bond given to the state, to produce the principal at the time the hearing was to be held, defendant cannot now complain that he was deprived of any right simply because the case was continued without formal notice to him.

Defendant's second contention is that the judgment was erroneous for the reason that no valid, final order of forfeiture preceded the action, as required by law. The order of forfeiture was entered on September 12, 1939, and the action on the forfeited bond was filed on September 13, 1939. It is the defendant's contention that this order of forfeiture did not become final for a period of ten days, this being a right vested in defendant by virtue of the provisions of sections 979, 1018, 993, 845, O. S. 1931, 39 O.S.A. §§ 212, 241, 282, 451, and of which defendant could not be deprived. This argument is based upon the theory that the above-mentioned sections of our statutes provide for issuance of execution only after ten days from entry of judgment, if no appeal is taken, or execution in some manner stayed, and that these sections controlled defendant's right to relief from forfeiture of this bond.

However, section 2820, O. S. 1931, 22 O.S.A. § 1108, provides:

". . . But, if any time before final adjournment of the court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just."

Under this section of our statute it seems indicated that the defendant first had to make application to set aside the order of forfeiture by excusing the nonappearance of the principal.

In Mooney et al. v. State ex rel. Sullivan, County Atty., 126 Okla. 215, 259 P. 536, a situation very much like the case now on appeal was presented to this court. In that case the principal defaulted and his bond was forfeited in May, 1924. October 7, 1924, the county attorney sued the principal and his sureties. In February, 1925, the principal filed his application in the original action, seeking to have the forfeiture set aside. The application was denied, and the principal then appealed to this court, and the appeal was dismissed. Thereafter, the action on the bond came on for trial and judgment was rendered thereon against the sureties, from which judgment they appealed. In denying appellants any relief it was said, at page 216:

"It is next contended by counsel for plaintiffs in error that this action on the bond was prematurely brought, for the reason that the judgment of forfeiture had not become final at the time the action was filed. A sufficient answer to that contention, however, is found in the fact that the judgment on the forfeiture was entered May 1, 1924, and no effort was made to vacate it or set it aside until February 2, 1925, after suit on the bond had been filed on October 9, 1924. The cause was not tried and the judgment rendered until after this court had dismissed the appeal from the order of the district court refusing to set aside the judgment of forfeiture, and that judgment had become final."

See, also, Pruitt et al. v. State, 186 Okla. 205, 97 P. 2d 35; Melton v. State, 46 Okla. 487, 149 P. 154, to the same effect.

We are, therefore, of the opinion that defendant's contention relating to the lack of a final order of forfeiture is without merit.

Judgment affirmed.

Supersedeas bond having been executed herein, and plaintiff having asked judgment thereon, such judgment is accordingly rendered in plaintiff's behalf.

RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and ARNOLD, J., absent.