Velma H. WILSON and Opal H. Grammer, Plaintiffs in Error,

v.

The STATE of Oklahoma ex rel. J. Howard EDMONDSON, County Attorney of Tulsa County, Oklahoma, Defendant In Error.

No. 37361.

Supreme Court of Oklahoma.

March 5, 1957.

Gordon L. Patten, Tulsa, for plaintiffs in error.

J. Howard Edmondson, Tulsa County Atty., Rooney McInerney, Asst. Tulsa County Atty., Tulsa, for defendant in error.

DAVISON, Justice.

This is an action brought by the State of Oklahoma ex rel. J. Howard Edmondson, County Attorney of Tulsa County, Oklahoma, to recover penalty because of the breach of an alleged appearance bond. The bond was signed by Earl Mason as Principal and Velma H. Wilson and Opal H. Grammer as sureties.

The County Attorney in his petition alleges that on the 2nd day of September 1954, a complaint was filed in the Court of Common Pleas of Tulsa County, Oklahoma, charging one Earl Mason with the Crime

of sodomy; that a preliminary hearing was thereafter held on said charge before one of the judges of Court of Common Pleas, and at said hearing held accused Mason for trial to the District Court of Tulsa County. His appearance bond was fixed at $3,000. The bond was executed by accused Mason and the sureties above mentioned obligating accused to appear before the District Court of Tulsa County to answer such charge at a date named in the bond and not to depart therefrom without leave of court. It is further alleged that on the 16th day of May 1955, the date upon which the case was set for hearing the State announced ready for trial and accused Mason failed to appear and wholly defaulted and the sureties on the bond were called upon to produce the body of Mason into court and failed to do so and the bond by order of the court was thereupon forfeited; that by reason of the breach of said bond the sureties are liable for the penalty mentioned in the bond or the sum of $3,000 and prays judgment accordingly.

■ Defendants, Velma H. Wilson and Opal H. Grammer, sureties on the bond, in their answer after pleading a general denial further plead that they were unable to produce Earl Mason in court for trial for the reason that he was dead; that the death occurred on or before the 16th day of May 1955, when said bond was forfeited and that by reason of his death, which was an act of God and beyond their control, it was impossible for them to produce accused in court for trial and the court was therefore without jurisdiction to forfeit the bond.

On motion of the County Attorney the court entered judgment on the pleadings in favor of plaintiff.

Defendants appeal and contend that their answer pleads a legal defense to plaintiff's cause of action and that the court therefore erred in rendering judgment in favor of plaintiff on the pleadings. We think this contention is well taken.

We think the allegation contained in the defendants' answer that accused died prior to the date upon which he was required to appear for trial and prior to the day on which the bond was forfeited and that because of his death, which was an act of God, they were unable to produce accused for trial, states a defense to plaintiff's action.

■ We have heretofore held that in an action on a forfeited appearance bond, the sole defenses thereto are that the performance of the conditions therein have been rendered reasonably impossible either by an act of God, an act of the obligee, or an act of law. When none of these conditions are alleged by facts showing their existence, no defense is presented. Ramer v. State ex rel. Ward, Okl., 302 P.2d 139; Pruitt v. State ex rel. Farris, 186 Okl. 205, 97 P.2d 35. See, also, 6 Am.Jur. Bail and Recognizance, sec. 181; State v. Stanley, 104 Kan. 475, 179 P. 361.

■ The defendant in error relies on the case of Ramer v. State ex rel. Ward, supra, stating that no defense was alleged where the defense was that the accused was dead at the time of the forfeiture. The cited case is distinguishable from the case under consideration. In the cited case it was alleged that the accused was insane and did not know the nature of the obligation, and that the defendant was unable to produce the accused for trial because of such insanity. It was held in that case that "there seems to be no good reason why insanity of the principal should be treated differently from any other illness" and that "performance of the condition to produce the accused will only be excused by his illness where there are circumstances which render performance reasonably impossible and not when they only make it difficult." The mere fact that the accused was alleged to be insane, although considered an act of God, is not such condition standing alone, as would lead to the conclusion that it would be impossible to bring the defendant into court.

In the present case the defense was that the performance of the conditions of the

bond has been rendered absolutely impossible by reason of the death of the accused.

We are of the opinion that under the facts and circumstances plead by defendants in their answer that upon the death of accused Mason the sureties on his appearance bond were discharged and released and that the court was thereafter without jurisdiction to forfeit the bond. We conclude that defendants' answer states a legal defense to plaintiff's cause of action and that the trial court therefore erred in rendering judgment on the pleadings in favor of plaintiff.

Judgment reversed and cause remanded with direction to overrule plaintiff's motion for judgment on the pleadings and to proceed further in accordance with the views therein expressed.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.