James E. WHITE, Plaintiff in Error,

v.

STATE of Oklahoma ex rel. Preston A. TRIMBLE, County Attorney In and For Cleveland County, State of Oklahoma, Defendant in Error.

No. 41053.

Supreme Court of Oklahoma.

March 8, 1966.

Reynolds & Foreman, by Harry G. Foreman, Norman, for plaintiff in error.

Preston A. Trimble, County Atty., Irby Taylor, Asst. County Atty., Norman, for defendant in error.

LAVENDER, Justice.

This action arose in the District Court of Cleveland County, Oklahoma, wherein State of Oklahoma, ex rel. Preston A. Trimble, County Attorney in and for Cleveland County, Oklahoma as plaintiff sued James E. White, Elvin L. McDaniel and Frieda McDaniel for $3,000.00, representing the amount of a forfeited criminal bail bond upon which said James E. White and Frieda McDaniel were sureties, and Elvin L. McDaniel was principal. The parties will be referred to by their trial court designations.

One Elvin L. McDaniel, the principal obligor upon the said bail bond, was charged in case no. 4378 in the District Court of Cleveland County, Oklahoma with the offense of obtaining money by means of false and fraudulent representations. He was released upon the bail bond herein involved, but when the case was subsequently called for trial on January 14, 1963, said McDaniel failed to appear, whereupon the District Court entered an order forfeiting said bond and directing the plaintiff to proceed to collect the amount of said obligation from the principal and sureties.

Thereafter on January 28, 1963, plaintiff filed a petition in cause no. 19633 in the same District Court of Cleveland County, Oklahoma against the principal and sureties upon said bond. The petition, after reciting the facts substantially as above set forth, prayed for judgment on said bond against the defendants in the amount of $3,000.00 and the costs of the action. On April 18, 1963, the defendants filed an answer in said cause in which it was urged as a defense to this action that one of the attorneys for the accused McDaniel advised him that it would

not be necessary for the latter to appear in court on January 14, 1963 because he, the attorney, on the grounds of illness of his associate counsel, had obtained a continuance of the case. Defendants further alleged that they did not learn of the incorrect advice of this attorney until January 28, 1963, at which time the accused surrendered himself, and that for these reasons defendants prayed that the plaintiff's petition be denied.

The sufficiency of the above allegations as constituting a valid defense in an action for breach of the obligations of a bail bond against the principal and sureties thereon presents a question, the determination of which will, for practical purposes, dispose of this case. Passing, however, for the present, further discussion of this question, we consider the additional facts as disclosed by the record before us.

On June 25, 1963, defendant James E. White filed in criminal case no. 4378 a motion to vacate and set aside the order of forfeiture made therein on the 14th day of January, 1963. This motion was filed, of course, within the same term of court as the order of forfeiture. The motion was filed pursuant to 22 O.S.1961, Sec. 1108 and was addressed to the sound judicial discretion of the court. See Wilder v. State, Okl., 310 P.2d 765. Defendant, in his said motion to vacate, alleged that the bond had been ordered forfeited as a result of a misunderstanding and inadvertence on the part of all parties concerned; that he, White, had not been informed and had no knowledge that the trial of the defendant, McDaniel, was set for a day certain, and therefore, White, the bondsman, was not in a position to deliver said defendant into court for the trial in accordance with the terms of the bond.

Thereafter, by stipulation of the parties, the files and records in the criminal case no. 4378 were made admissible in the trial of the civil case no. 19633, and the files and records in the civil case were to be considered by the court in passing upon the motion to vacate filed in the criminal case. Likewise, evidence adduced before the court in support of and in opposition to the motion to vacate was considered equally available for the court's consideration in passing upon the merits of the civil case no. 19633. Upon this state of the record, a hearing was had in the court below on August 6, 1963, following which the trial court on January 9, 1964 by journal entry in criminal case no. 4378 overruled and denied the motion to vacate the order of January 14, 1963 forfeiting the bond. To this ruling the defendant James E. White excepted. On the same date of January 9, 1964 the trial court by separate journal entry of judgment in civil case no. 19633 entered judgment in favor of the plaintiff and against the defendants principal and sureties on the bond in the amount of $3,000.00 plus interests and costs, to which judgment the defendants excepted. The defendant James E. White alone appealed and is the plaintiff in error herein.

No motion for new trial was filed in criminal case no. 4378; at least none appears in the record before us. On January 17, 1964, however, the defendant White filed his motion for new trial in civil case no. 19633, in which he asserts as one of the grounds in support thereof: "Failure of the court to exercise sound judicial discretion upon the facts and evidence as presented, the proper exercise of which would have resulted in judgment for the defendant and an order setting aside forfeiture of the bond."

This motion for new trial was overruled on February 3, 1964, by the trial court, to which ruling defendant excepted and gave notice of his intention to appeal. Thereafter in due course defendant perfected his appeal to this court by filing petition in error and case-made on June 4, 1964. The original time granted defendant by the trial court to lodge his appeal was extended by subsequent orders, all of which were entered in civil case no. 19633.

Defendant asserts as grounds for reversal of the trial court the single proposition: "The trial court, in refusing to set aside the

forfeiture, failed to exercise sound judicial discretion."

■ Defendant calls our attention to several cases, with none of which do we disagree, tending to support the principle that an application by sureties on a bail bond to discharge or vacate an order of forfeiture of that bail bond is addressed to and invokes the sound judicial discretion of the trial court. See Mahaney et al. v. State, 106 Okl. 152, 233 P. 725, and Nicholson v. State, 132 Okl. 298, 270 P. 567. Our attention is also directed to 22 O.S.1961, Sec. 1108, supra, which provides in substance: "If, without sufficient excuse, the defendant neglects to appear according to the terms * * * of the * * * bond * * * (the same) shall be thereupon declared forfeited. But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged * * *."

■ The contention of defendant seems to disregard the fact that there is a valid distinction between cases wherein the trial court is called upon to exercise its sound judicial discretion in determining whether "sufficient" or "satisfactory excuse" has been shown to warrant the court in vacating a previous order of forfeiture of a bail bond, as authorized by the statute and cases cited and, on the other hand, an action upon a forfeited bail bond for judgment thereon against the principal and sureties. A motion to vacate an order of forfeiture of a bail bond filed under the statute and cases cited supra, of course, calls for the exercise of judicial discretion. The facts set forth in the motion of defendant filed by him in criminal case no. 4378 may have constituted proper matters for the exercise of the trial court's discretionary power, but such facts and the grounds thereby presented to support a request that the order of forfeiture be vacated do not necessarily constitute an available legal defense to an action at law upon a bail bond which has been already declared forfeited. In such last mentioned cases only certain legal defenses are permissible. Pruitt v. State ex rel. Farris, 186 Okl. 205, 97 P.2d 35; State ex rel. Buckley v. Drake, 40 Okl. 538, 139 P. 976.

■ In an action on a forfeited appearance bond, the sole defenses thereto are that the performance of the conditions therein have been rendered reasonably impossible either by an act of God, an act of the obligee, or an act of law, and when none of these conditions are alleged by facts showing this existence, no defense is presented. Wilson v. State ex rel. Edmondson, Okl., 308 P.2d 315, 63 A.L.R.2d 827; Ramer v. State ex rel. Ward, Okl., 302 P.2d 139.

The facts as alleged in the defendant's answer filed in civil cause no. 19633, to which reference has been heretofore made, wherein it was urged as a defense to a recovery upon the bond that one of the attorneys for the accused incorrectly advised his client that it would not be necessary for him to appear for trial on the day the cause was set for trial, even though the same may, or may not, constitute "sufficient" or "satisfactory excuse" for the non-appearance of the accused, does not rise to the requirement of the cited cases that his appearance at the calling of the case for trial was rendered "reasonably impossible * * * by an act of God, or an act of the obligee or an act of law." The mere fact that one of the accused's counsel had become ill does not constitute an "act of God" which would, as a matter of law, excuse the accused from appearing.

■ Whether the grounds relied on by the defense were sufficient to invoke the discretion of the trial court under 22 O.S. 1961, Sec. 1108, supra, so that its failure to vacate its previous order of forfeiture would be an abuse of discretion on the part of the court is not before us nor herein considered. The only question decided by this opinion is that such facts do not constitute a legal defense to an action at law for the recovery of a money judgment upon a forfeiture criminal bail bond.

■ The motion for new trial, the overruling of which was made the basis for this

appeal, was directed against the journal entry of judgment.entered by the trial court in civil case no. 19633, and error, if any, of the trial court in entering its judgment in criminal case no. 4378 denying defendant's motion to vacate the order of forfeiture was not properly preserved for review by this court by the filing of a motion for new trial alleging as error the said action of the court. 12 O.S.1961, Sec. 651, as amended in 1963, effective June 13, 1963, required the filing of a motion for new trial in every case to review all questions of law or fact arising upon the pleadings, upon a motion, or otherwise. Stokes v. State of Oklahoma, Okl., 410 P.2d 59. This court is therefore without jurisdiction to consider any alleged errors with respect to that order of the trial court.

Judgment affirmed.

JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.

WILLIAMS, J., dissents.