Patricia SHORT, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 43067.

Supreme Court of Oklahoma.

March 16, 1971.

Simon B. Spradlin, Oklahoma City, for plaintiff in error.

Curtis P. Harris, Dist. Atty., D. K. Cunningham, Asst. Dist. Atty., for defendant in error.

IRWIN, Justice.

This action involves the forfeiture of a bail bond and the trial court's denial of bondsman's motion to set aside the forfeiture.

The order of forfeiture of the appearance bond was rendered on October 24, 1967. The order was filed for record on March 22, 1968, and notice of forfeiture was given the same day. Within 30 days after notice, bondsman filed its motion to set aside the bond forfeiture.

Bondsman argues that giving notice of the order of forfeiture to the State Insurance Commissioner as provided by 59 O.S. Supp.1970, § 1330, and to bondsman as provided by 59 O.S.Supp.1970, § 1332, are mandatory in order for the State to proceed to enforce bondsman's liability on the bond.

The only time bondsman placed in issue before the trial court the issue of "failure of notice" was in its motion to set aside the order of forfeiture. In that motion bondsman alleged that "notice of forfeiture" was not timely given as required by law, whereby the surety was wrongfully deprived of his opportunity to surrender

said defendant within 30 days of said purported forfeiture.

The failure of the court to immediately direct a copy of the order of forfeiture to the State Insurance Commissioner as provided by § 1330, supra, was not presented to the trial court. Under these circumstances this alleged error will not be considered by this Court on appeal. Steiger v. City National Bank of Tulsa, Okl., 424 P.2d 69.

We will now consider bondsman's argument that notice of forfeiture was not given to it as provided by § 1332, supra. That section provides:

"In the event of the forfeiture of a bail bond the clerk of the trial court shall notify the bondsman on said bond who may, within thirty days from the date or such notice, file with the court a motion to set aside the order of forfeiture which motion shall contain the grounds upon which it relies * * *."

There is no logical reason or explanation given by the State why it waited approximately five months after the trial court ordered the forfeiture to file the order of record so that the clerk could notify the bondsman of the forfeiture. When a bail bond has been forfeited and there is a delay in giving the bondsman notice of forfeiture, if such delay affects the substantial rights of bondsman in a proceeding to set aside the bond forfeiture, such delay constitutes grounds for setting aside the bond forfeiture. Were the substantial rights of bondsman affected by the five months delay in the instant proceeding?

The thirty days within which to file a motion to set aside the order of forfeiture as provided by § 1332, supra, commences to run from the date of notice of forfeiture and not from the date of the order of forfeiture. Bondsman timely filed its motion to set aside the forfeiture within thirty days from the date of notice of forfeiture.

Sub-paragraph (3) of § 1332, supra, sets forth certain instances when forfeiture will and will not lie. It also contains a proviso relating to the setting aside an order of forfeiture if the defendant is surrendered. That proviso is:

" * * * If the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within thirty days from the date of said order, the court, upon the motion of the defendant or the bondsman shall set aside the forfeiture for good cause shown and upon proof that there has been no previous forfeiture of bond in the case at issue."

In Machell v. State of Oklahoma, Okl., 481 P.2d 148, we said that the above proviso was subject to but one construction and that is the thirty day period for surrendering the defendant commences to run from the date of forfeiture. In Machell, the difference in time between the dates of forfeiture and notice of forfeiture was not material, and our construction of the statute followed the language of the statute. However, on re-examination of the above proviso we hold that due process requires that it be construed to mean that the thirty day period for surrendering the defendant commences to run from the date of notice of forfeiture and not from the date of the order of forfeiture. Machell, to this extent is modified.

Bondsman undertook an absolute duty to produce the defendant at the time set for hearing and was bound to know when defendant's presence was required. Manning v. State ex rel. Williams, 190 Okl. 65, 120 P.2d 980. Bondsman did not produce or surrender the defendant at the hearing in which the bond was ordered forfeited, nor did bondsman surrender the defendant within thirty days from the date of notice of forfeiture.

In our opinion the record will not sustain a finding that the five months delay in giving notice to bondsman of the forfeiture affected the substantial rights of bondsman.

Bondsman argues that the physical form of the ten day notice for the appearance of defendant as provided by 59 O.S.

Supp.1970, § 1330(b), was insufficient. In our opinion, the notice was sufficient to notify bondsman of the scheduled appearance of defendant. The record discloses that notice was given to the bondsman but through the negligence or oversight of bondsman's employees or agents, the scheduled appearance date of defendant was overlooked.

Judgment affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.