The STATE of Oklahoma, Appellee,

v.

Medford UNDERWOOD and Summit Insurance Company, Appellants.

No. 46659.

Supreme Court of Oklahoma.

July 22, 1975.

Jack E. McGahey, Dist. Atty., Bryan County, Durant, for appellee.

Scoufos & Montgomery, by John Robert Montgomery, Sallisaw, for appellants.

**1052**

SIMMS, Justice:

Surety, Summit Insurance Company, and its agent and attorney-in-fact, Medford Underwood, a bondsman, appeal trial court's denial of their motion to set aside an order of forfeiture of an appeal bond in a criminal case.

Brigman, principal on the bond, was charged in the District Court of Bryan County with the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, Second and Subsequent Offense. Pending trial he was released on $1000 bond which was obtained thru Medford Underwood, acting as agent and attorney-in-fact for the Imperial Insurance Company. Brigman was convicted and appealed. Pending the outcome of his appeal, the trial court increased his bond to $2500. Defendant's original bond with the Imperial Insurance Company was continued and an additional $1500 bond was posted by surety, Summit Insurance Company thru bondsman Medford Underwood.

The Court of Criminal Appeals affirmed Brigman's judgment and sentence, and, upon receipt of the Mandate on March 28, 1973, the District Court caused notice to be sent to bondsman Underwood that Brigman should be produced for sentencing before the Court on the 3rd day of April 1973.

Brigman failed to appear on April 3rd and the trial judge issued an order and judgment of forfeiture of bonds against both sureties, Imperial and Summit, and against bondsman Underwood as the agent for each company.

On April 10, 1973, Underwood caused a motion to set aside bond forfeiture to be filed on behalf of himself and the Imperial Insurance Company only. The motion alleged that the principal's failure to appear for sentencing resulted from his confinement in a state mental hospital in Texas under a valid court commitment. The motion further alleged that Brigman was still so confined at that time and movant urged the district court to issue a hold order to authorities in Texas so that defendant could be returned to Bryan County, Oklahoma, upon his release from the hospital.

The record reflects that on April 18, 1973, defendant was delivered to the Oklahoma State Penitentiary by O. W. Highfill, Sheriff of Bryan County, in accordance with the judgment and sentence.

On May 8, 1973, hearing was held on Imperial's motion to set aside the bond forfeiture and the motion was sustained. The court's order reflects that the evidence presented showed that on April 3rd when the forfeiture order had issued, Brigman was confined in a Texas mental hospital by Court Order; that he had since been committed to the Department of Corrections for the State of Oklahoma and was currently an inmate in the Oklahoma State Penitentiary.

Also, on May 8, 1973, appellants, Summit and Underwood, filed their motion to set aside the bond forfeiture. As grounds for vacation of forfeiture, the motion recited that defendant had been unable to appear for sentencing as he had been confined on that date in a Texas mental hospital pursuant to a court commitment; that pursuant to a hold order issued by the trial court, bondsman had transported defendant to Bryan County upon his release from the hospital and surrendered him; that defendant had then been transported to the State Penitentiary at McAlester where he remained. A hearing on appellant's motion was held on May 15, 1973, and the motion was denied by the trial court.

Appellants contend that the denial of their motion to set aside the forfeiture is contrary to law. They argue that since defendant was surrendered to the court by bondsman within thirty days of the order of forfeiture, and good cause for defendant's failure to appear having been presented to the court, Summit Insurance Company should have been exonerated on their bond as was Imperial Insurance Company.

The adverse ruling of the trial court was made without apparent regard for the fact

that defendant had already been surrendered to the court by bondsman prior to the May 15 ruling.

The order of the trial court denying appellants' motion rests entirely on the provisions of 59 O.S.1971, § 1332, granting bondsman a period of thirty days after notice of forfeiture within which to file a motion to set aside same. Here, the motion was of course filed outside that thirty day limit.

However, the defendant was surrendered by bondsman to the court and, although the precise date of the surrender is unclear from the record, it occurred at least by the 18th day of April. This surrender placed the outcome of the bond forfeiture order within the penumbra of 59 O.S. § 1332(3), the relevant portion of which states:

". . . if the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within thirty (30) days from the date of said order, the court, upon the motion of the defendant or the bondsman shall set aside the forfeiture for good cause shown and upon proof that there has been no previous forfeiture of bond in the case at issue."

In *Machell v. State*, Okl., 481 P.2d 148 (1971), we rejected the bondsman's argument that he was entitled to relief from an order of forfeiture as a matter of law because he had surrendered defendant to the court within thirty days of the order of forfeiture. He contended that the mere surrender of defendant constituted the requisite "good cause". We disagreed and concluded that § 1332(3) was subject to but one construction, that being:

"If the defendant is surrendered to the custody of the sheriff or court wherein the forfeiture has been ordered within thirty days from the date of forfeiture, the court, upon motion of the defendant or the bondsman shall set aside the forfeiture *if evidence is furnished showing good cause why defendant failed to appear at the time and place of his scheduled appearance.*" (E.A.) [1]

The issue of "good cause" as to Brigman's failure to appear had been previously adjudicated by the trial court. Imperial Insurance Company had been exonerated on their $1000 bond because of defendant's confinement in a mental hospital by court order. This is the same commitment urged as good cause by appellants in their motion.

We conclude that the principal on the bond, having been surrendered to the court within thirty days of notice of forfeiture, and the issue of good cause for his absence having been previously determined in favor of bonding companies, the trial court erred in overruling appellants' motion to set aside the bond forfeiture.

In view of our disposition of this cause, it will not be necessary to consider appellants' other argument.

The judgment of the District Court is Reversed with Directions to enter an order vacating the order of forfeiture entered against appellants on the third day of April, 1973, and exonerating the bond.

*Reversed and remanded.*

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, BERRY, LAVENDER, BARNES, SIMMS, and DOOLIN, JJ., concur.

IRWIN, J., dissents.

---

1. In order to meet requirements of due process, this thirty day time period was construed in *Short v. State*, Okl., 482 P.2d 592 (1971) to mean that the thirty day period for surrendering defendant commences to run from the date of notice of forfeiture, not from the date of the order of forfeiture.