STATE *ex rel.* BUCKLEY v. DRAKE *et al.*

No. 3391.   Opinion Filed March 24, 1914.

(139 Pac. 976.)

1.   **BAIL**—Action on Bond—Defense. Where, in a suit upon a forfeited bail bond, the evidence discloses that defendant was present in the court pursuant to his recognizance, and departed the state, without leave, to get a lawyer to defend him, and returned and appeared in open court one week after forfeiture, held, that such facts were insufficient to constitute a defense.

2.   **SAME.** In an action on a forfeited bond, the bail will not be exonerated, unless the performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law. Only a legal defense can be heard, and the fact that there was an appearance after forfeiture is not a legal defense, though proper matter to be addressed to the discretion of the court which adjudged the forfeiture, to have same set aside under Comp. Laws 1909, sec. 7112.

(Syllabus by the Court.)

*Error from County Court, Le Flore County;*
*P. C. Bolger, Judge.*

Action on a forfeited bail bond by the State, on the relation of W. D. Buckley, against John E. Drake and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*W. D. Buckley,* Co. Atty., *J. L. Spengler,* Asst. Co. Atty., and *White & Du Bois,* for plaintiff in error.

*T. T. Varner,* for defendants in error.

TURNER, J. This is a suit by plaintiff in error, plaintiff below, against John E. Drake, as principal, and T. B. Wall, as surety, defendants in error, to recover on a forfeited bail bond in the sum of $500, conditioned for the appearance of Drake at the next regular term of the county court of Le Flore county to be held October 3, 1910, to answer to a charge of selling intoxicating liquor. After issue joined by answer there was trial to a jury, and judgment for defendants, and plaintiff brings the case here.

It is assigned that the court erred in refusing to direct a verdict for plaintiff. The facts are undisputed, and disclose that between 1 and 2 o'clock on October 10th, the day this case was set for trial, Drake was in attendance on the court, and was informed by the county attorney that the case had been called that morning, and would probably be reached for trial that evening, and asked defendant if he had a lawyer, and, being informed that he had none, advised that defendant get one. Being informed by defendant that he would, but that such would take time, the county attorney said nothing. Not knowing a lawyer at Poteau, defendant at once went to the depot and left for Ft. Smith, Ark., for that purpose on the train which departed from there that evening at 6 o'clock. Arriving there Tuesday morning, he inquired for a certain lawyer, but was informed he was out of the city. He then left for Braden to see about a witness, and returned to said city that night, where he stayed until Thursday night, when he was arrested and placed in jail, but was released the next morning on payment of a fine. Friday he also remained in the city, and was sick there Saturday and that night. Sunday he went to Spiro, and Monday was

in the court with his lawyer employed at Poteau, at which time he learned that his bond was forfeited on October 10th, presumably when the case was called that evening, as the county attorney told him it probably would be. These facts do not constitute an appearance. The bond reads:

"Now, if the said John E. Drake shall well and truly make his personal appearance before said court at the next term to be begun and holden at the courthouse in said county of Le Flore, in the town of Poteau, on the 3d day of October, 1910, and there remain from day to day and term to term until discharged in due course of law, then," etc.

*Glasgow et al. v. State*, 41 Kan. 333, 21 Pac. 253, was a suit on a similar bond. The court said:

"We think, when a party is required to appear at the district court after a preliminary examination has been had or waived, that the use of the word 'appear' implies that he is to appear for the purposes of .a trial of the charges made against him. Comp. Laws of 1885, c. 82, sec. 152. It is not enough for the party to be there for the first day, and then slip off, without leave, in order to comply with the conditions of the bond; the very fact of the condition of his appearance is that he shall appear for a certain purpose; he appears for the trial of the charges against him, and, if he departs before the trial and judgment are had, without leave of the court, his bond is forfeited. He appeared for the trial; he departed before judgment."

As the failure of defendant to appear was a breach of the bond, and is not disclosed by the evidence to be attributable to an act of God, the obligee, or the law, the court erred in refusing to direct the verdict as requested. In *Taylor v. Taintor*, 16 Wall. 369, 21 L. Ed. 287, the court said:

"It is the settled law of this class of cases that the bail will be exonerated where the performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law. Where the principal dies before the day of performance, the case is within the first category. Where the court before which the principal is bound to appear is abolished without qualification, the case is within the second. If the principal is arrested in the state where the obligation is given, and sent out of the state by the Governor, upon the requisition of the Governor of another state, it is within the third."

See, also, *United States v. Van Fossen et al.,* 1 Dill. 406, Fed. Cas. 16,607; *People v. Penniman et al.,* 37 Cal. 271; *People v. Anable,* 7 Hill (N. Y.) 33; *People v. Wolf et al.,* 16 Cal. 385.

To be sure defendant appeared before final adjournment, and Comp. Laws 1909, sec. 7112, reads:

" * * * But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. After the forfeiture, the district attorney must proceed with all due diligence, by action against the bail upon the instrument so forfeited. * * * "

But the appearance of defendant after forfeiture is not a legal defense to an action on his bond, and a legal defense is all we can consider here. In *United States v. McGlashen* (C. C.) 66 Fed. 537, the syllabus reads:

"In an action on a forfeited recognizance, only a legal defense can be heard, and the fact that there was an appearance or discontinuance after forfeiture is not a legal defense, though it would constitute matter for application, under Rev. St. sec. 1020, to the court which adjudged the forfeiture, to have the penalty remitted."

See, also, *State v. Scott,* 20 Iowa, 63.

As it is impossible for us to see how this case can be brought within any of the defenses recognized in the Taylor case, *supra,* and, as defendant in error has failed to enlighten us by filing a brief, the cause is reversed and remanded for a new trial.

All the Justices concur.