RUCKMAN v. STATE.

No. 3902.   Opinion Filed October 27, 1914.

(143 Pac. 1050.)

1.   **BAIL—Action on Bond—Petition—Demand and Nonpayment.** It is not necessary to allege in the petition in a suit on a forfeited bail bond that demand has been made on the sureties prior to filing the suit, to pay the amount of the bond. Neither is it necessary to aver in such petition that the amount named in the bond has not been paid.

2.   **SAME—Forfeiture—Collateral Attack—Attack on Bond—Sufficiency of Answer.** Judgment on the pleadings was proper, as

the averments of the answer (disclosed in the opinion) did not state a defense.

(Syllabus by Brewer, C.)

*Error from District Court, Blaine County;*

*James R. Tolbert, Judge.*

Action by the State against Ralph Hawkins and others on a forfeited appearance bond. Judgment for plaintiff, and defendant Charles W. Ruckman brings error. Affirmed.

*Ed Baker* and *A. L. Bloss,* for plaintiff in error.

*A. L. Emery,* Co. Atty., for the State.

Opinion by BREWER, C. This suit is to recover the amount of a forfeited appearance bond from Ralph Hawkins, the principal, and Chas. W. Ruckman and others, the sureties thereon. The defendant Ruckman filed an answer to plaintiff's amended petition, and the court, on motion of the plaintiff, entered judgment in the amount of the bond on the pleadings. Of course this was equivalent to holding that the answer did not state a defense. The defendant Ruckman appealed from the judgment of the court, and appears here as the plaintiff in error, and urges that the petition is insufficient: First, for the reason that it does not allege that a demand was made upon the sureties for the amount of the bond; and, second, that the petition does not allege that the amount of the bond had not been paid; third, that the court erred in sustaining the motion for judgment on the pleadings, for the reason that the answer presented a defense.

1. It is not necessary in a suit upon a forfeited bail bond to make demand upon the sureties thereon to pay the amount thereof; therefore it was not necessary to allege a demand in the petition. The obligation of a bail bond is in a definite and certain amount, which becomes an established definite liability by the judgment of the court declaring a forfeiture, and of this the sureties take notice. 5 Ency. P. & P. 919.

2. Neither is it necessary to aver in the petition that the amount named in the forfeited bond has not been paid. This point has been fully discussed and finally settled in former opinions of this court. In *Shriver et al. v. State,* 32 Okla. 512, 122 Pac. 160, it is said:

"It is finally urged that the petition was demurrable because it did not allege that the bond had not been paid. There are some authorities cited by plaintiff in error sustaining this position, but without giving any reason for such a holding. If the presumption of law is that the bond had been paid, then it would be necessary to allege and prove that it had not been paid. On the other hand, if the presumption is that it was not paid, then it is not necessary to allege or prove that fact. Certainly it would be strange to presume that the bond had been paid. The presumption of fact should be the other way, because 90 times out of 100 the bond is not paid before suit is brought, and in a very large per cent. of the cases not then. The condition was that the principal would appear. The principal was in a sense in the custody of his sureties. When he failed to appear, and they failed to produce him, all were in default, and the presumption would be that they remained in default. There is ample authority for holding that it is not necessary to allege that payment had not been made. See *State v. Grant,* 10 Minn. 39 (Gil. 22) ; *State v. Biesman,* 12 Mont. 11, 29 Pac. 534; *People v. Love,* 19 Cal. 677."

And this case was followed in that of *Edwards v. State,* 39 Okla. 605, 136 Pac. 577.

It only remains to examine the answer filed in this case as to whether or not it states a defense. The answer, substantially stated, admits the execution of the bond, the release of the defendant, his nonappearance at court when his case was called. and the forfeiture of the bond as alleged. It then proceeds to state that the principal, Hawkins, being later informed of the forfeiture, came to the town of Watonga, where court was being held, and surrendered himself to the officers in obedience to the warrant for his arrest, and was thereafter remanded to jail; that the total cost and expenses occasioned by the forfeiture, warrant, and arrest, amounted to only a small sum, which the surety tendered into court. The answer also alleges that at a

subsequent term of court the principal was tried and acquitted, and concludes with the prayer that the surety be allowed to pay into court $11.50, the amount of expenses incurred by the county, and that thereupon he go hence. This answer does not state a defense, and the court was, therefore, correct in so holding. If a defendant in a criminal case could avoid a trial at a particular term of court, when the situation looks dangerous to him, by a forfeiture of his bond, and then, after the present danger has passed, and possibly a continuance obtained, come in and surrender himself, with the right to make another bond, and then discharge the whole matter by a payment of the small expense of costs actually incurred by the county, it would certainly be difficult to enforce the criminal laws of this state. It would simply mean that a defendant under indictment could not be tried except to suit his own convenience; at a time when, through the absence of witnesses for the state, or for other reasons, it appears to the defendant to be a favorable moment for his trial. This is not the law, and ought not to be the law. This holding works no hardship. If there has been an honest mistake, if the principal in the bond has been taken suddenly ill so as to render his appearance, when wanted, impossible, and a showing is made in good faith during the term at which the forfeiture is taken, the court has a right to set aside the forfeiture upon such terms as may be just under the provisions of section 6110, Rev. Laws 1910, which, among other things, contains the following:

"But if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just."

In this case no efforts or showing were made relative to the forfeiture until after the term of court had closed, and not until suit was brought for judgment on the bond. The judgment of forfeiture became final with the expiration of the term of court at which it was entered, and this final judgment is not open to a collateral attack in a subsequent action against the principal and

sureties on the bond. This is a repeated holding of this court. In *State v. Holt*, 42 Okla. 472, 141 Pac. 969, it is said in the syllabus:

"The judgment or order of the trial court in declaring a forfeiture of such bond cannot be collaterally attacked in a subsequent action against the principal and sureties in the bond."

And to the same effect are the following cases: *State v. Hines*, 37 Okla. 198, 131 Pac. 688; *Hines v. State*, 39 Okla. 638, 136 Pac. 592; *Whiteaker v. State*, 31 Okla. 65, 119 Pac. 1003; *Shriver v. State*, 32 Okla. 507, 122 Pac. 160. Besides, the case of *Edwards v. State*, 39 Okla. 605, 136 Pac. 577, seems decisive of the precise point involved here.

Therefore it follows that the petition stated a cause of action, and the matter alleged in the answer failed to state a defense, and that the court did not err in rendering judgment against appellants for the amount named in the bond.

The judgment should be affirmed.

By the Court: It is so ordered.