## METCALF *et al.* v. STATE.

No. 4031.    Opinion Filed January 19, 1915.

Rehearing Denied April 5, 1916.

(156 Pac. 305.)

1.  **BAIL—Judgment Forfeiting Recognizance—Vacation—Grounds.**
    It is a sufficient cause to vacate a judgment forfeiting a recognizance under section 7112, Comp. Laws 1909 (section 6110, Rev. Laws 1910), that the performance of the conditions of such recognizance was rendered impossible by an act of God, an act of the obligee, or an act of the law.

2.  **COURTS—Habeas Corpus—State and Federal Courts—Jurisdiction—Criminal Law—Bail.** A party charged with a criminal offense under the state laws and admitted to bail, may, while out on bail, be arrested by the federal authorities without violating the comity existing between the two jurisdictions, but the state court, if it so desires, may insist upon the jurisdiction previously obtained and procure the principal from the possession of the federal authorities for the purpose of trial. The principal and his sureties, however, do not enjoy this same privilege; they cannot elect that the principal be tried by the state courts and thereby oust the federal court of its jurisdiction.

3.  **BAIL—Judgment of Forfeiture—Vacation—Grounds—Incarceration in Federal Jail.** Where a party executed a recognizance in a state court and was subsequently arrested by the federal authorities and confined in the federal jail within the same state at the time his recognizance was forfeited in the state court, it is not a sufficient excuse for his absence that he was incarcerated in such federal jail; as he must further show that he was incarcerated through no fault of his own.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Ellis County;*

*A. L. Squires, Judge.*

Action by the State against R. A. Metcalf and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*C. B. Leedy* and *Charles Swindall,* for plaintiffs in error.

*Frank E. Ransdell,* for the State.

Opinion by RITTENHOUSE, C.  On the 9th day of June, 1911, R. A. Metcalf was arrested, charged with selling intoxicating liquors, and on said day he executed an appearance bond in the sum of $500.00 with C. A. Greene and E. C. Sherman as sureties, which bond was approved by the court.  The case was set for hearing and on the day set for trial the defendant failed to appear according to the terms and conditions of the recognizance; the court under section 7112, Comp. Laws 1909 (section 6110, Rev. Laws 1910), declared the recognizance forfeited and ordered suit brought upon the bond.  On the same day, and before the final adjournment of the court, the sureties appeared and filed an application to set aside the forfeiture, and on the 18th day of December, 1911, at the same term of court, the defendant appeared and filed an application to set aside the forfeiture, both applications being predicated upon the ground that the defendant Metcalf was on the 5th day of December, 1911, confined in jail under a sentence and judgment rendered against him in the District Court of the United States in and for the Western District of Oklahoma, which judgment was rendered on the 13th day of November, 1911, that the sureties demanded the possession of the principal from the federal authorities, but that the demand was refused, and that as soon as defendant was discharged from custody under said judgment he did forthwith, on December 18, 1911, appear in the county court and join with his bondsmen in the application to have said forfeiture set aside and showing that his absence was due solely to his confinement in said federal jail at Guthrie, Okla.  This state of facts is not

denied.   The court refused to vacate the order forfeiting
such recognizance, and the cause is brought here for re-
view.   The defendant's remedy is by appeal from this
order, as was decided in the case of *State of Oklahoma v.
Hines*, 37 Okla. 198, 131 Pac. 688, Ann. Cas. 1915B, 431;
*Hines v. State*, 39 Okla. 638, 136 Pac. 592, and *Ruckman
v. State*, 44 Okla. 160, 143 Pac. 1050.

There are three grounds which constitute sufficient
legal cause to vacate and set aside the forfeiture of a
recognizance under section 7112, Comp. Laws 1909 (sec-
tion 6110, Rev. Laws 1910), independent of the discretion-
ary power conferred by said section:   First, the act of
God; second, the act of the obligee; and, third, the act of
the law.   *State ex rel. Buckley v. Drake*, 40 Okla. 538, 139
Pac. 976.   There is no contention that the principal was
prevented from complying with the terms of his recog-
nizance by an act of God, nor do the facts alleged bring
the case within the second subdivision, although plaintiffs
in error in their argument rely upon *State v. Funk et al.*,
20 N. D. 145, 127 N. W. 722, 30 L. R. A. (N. S.) 211, Ann.
Cas. 1912C, 743, and similar cases, which were cases con-
struing acts of the obligee in that the same sovereignty
which had accepted the recognizance afterwards placed
the principal in custody, and thereby prevented the prin-
cipal and his sureties from complying with the terms of
the recognizance.   The reasoning in those cases therefore
is not applicable to the case at bar.   The question then
remains:   Were the principal and his sureties prevented
from complying with the terms of the recognizance by an
act of law?   The record discloses the facts to be that the
principal was arrested in Ellis county, Okla., for the crime
of selling liquors, and was placed under the bond in ques-

tion, and subsequently, and while out on bond, he was arrested in Ellis county by the federal authorities for selling liquor without a retail license, and tried and convicted of that crime. The sureties demanded of the federal authorities the possession of the principal for the purpose of complying with the terms of the bond. This demand was refused, and while the principal was yet serving his sentence under the federal conviction the county court of Ellis county forfeited his bond for the failure to comply therewith, and immediately thereafter the sureties appeared and made application to vacate the forfeiture, setting up the facts heretofore stated, and immediately after the release of the principal from the federal authorities he appeared during the same term of court that the forfeiture was taken, and joined with his sureties in the application to have the forfeiture set aside, and showing that he was prevented from attending court according to the terms of the recognizance by reason of an act of law.

A party charged with a criminal offense under the state laws and admitted to bail may while out on such bail be arrested by the federal authorities without violating the comity existing between the two jurisdictions, but the state court, if it so desires, may insist upon the jurisdiction previously obtained and procure the principal from the possession of the federal authorities for the purpose of trial. The principal and his sureties, however, do not enjoy this same privilege, as they cannot elect to have the principal tried by the state court, and thereby oust the federal court of its jurisdiction. As was held in the case of *In re Fox* (D. C.) 51 Fed. 427:

"Where a person, under bail to answer an indictment in a federal court, is arrested on state process for a crime against the state, his confinement thereunder is not in

violation of any law of the United States, and he is not entitled, as a matter of personal right, or at the instance of his sureties, to be released on *habeas corpus,* and placed in the custody of the marshal. If the federal authorities do not insist upon the prior jurisdiction of the federal court, the accused and his sureties have no right to complain."

But it is not every act of law which prevents a principal from complying with the terms of his recognizance that will constitute a sufficient legal cause to vacate the forfeiture. The principal and his sureties in the instant case have shown that the principal was prevented from complying with the terms of his recognizance by reason of his incarceration in the federal jail, but they have not shown that his incarceration was through no fault of his own; that is, they have failed to show that the subsequent arrest was not of his own procurement nor for a crime committed after the execution of the recognizance under consideration. If the principal voluntarily placed himself in a condition which caused his arrest subsequent to the time he executed the bond, he and his sureties cannot be heard to complain. If, however, the crime for which he was arrested by the federal authorities was committed prior to the execution of his recognizance or was for the same crime for which he had been arrested in the state courts, or grew out of the crime for which he was arrested in the state courts, then and in those events the principal and his sureties would be entitled to vacate the forfeiture by reason of an act of law, and such reason would be sufficient cause under section 7112, *supra.* In the instant case there was no attempt made to show that the crime for which the principal was arrested by the federal authorities was committed prior to the time he executed his bond in

the state court, or was for the same crime for which he was charged in the state court or grew out of such crime, and, in the absence of such a showing, the trial court properly refused to vacate the forfeiture.

The cause should therefore be affirmed.

By the Court: It is so ordered.