## BILL KIRK v. STATE.

No. A-6342. Opinion Filed Oct. 4, 1927.
(259 Pac. 667.)

Woodson E. Norvell and Edward E. Harvey, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty., Gen., for the State.

DOYLE, P. J. Appellant, Bill Kirk, was convicted

of burglary in the second degree alleged to have been committed in Tulsa county, November 23, 1925, and in accordance with the verdict of the jury was sentenced to imprisonment in the penitentiary for a term of two years, the judgment rendered February 18, 1926. From the judgment an appeal was perfected by filing in this court on August 7, 1926, petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal on the ground that since the appeal was taken appellant departed from the state of Oklahoma to the state of Kansas, where, on September 27, 1926, appellant was convicted of the crime of second degree burglary, and sentenced to imprisonment in the industrial reformatory of said state for the maximum term of ten years, and is now confined in said reformatory serving said imprisonment as appears from communications addressed to the county attorney of Tulsa county by A. W. Ford, record clerk of the industrial reformatory of the state of Kansas, wherefore the Attorney General prays to dismiss the appeal herein for the reason that appellant is now a fugitive from justice and is without the jurisdiction of this court and cannot be made to respond to any judgment that might be rendered against him on this appeal.

Under repeated decisions of this court, it is held that where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider the appeal unless the defendant is where he can be made to respond to any judgment or order which may be rendered in the case, and where a defendant makes his escape from the custody of the law and becomes a fugitive from justice pending the determination of his appeal the same will be dismissed. Boswell v. State, 14 Okla. Cr. 336, 170 P. 1175; Christman v. State, 22 Okla. Cr. 67, 209 P. 969; Daley v. State, 23 Okla. Cr. 355, 214 P. 941.

Appellant having failed to controvert the motion to dismiss the appeal, and it being apparent that he has left the jurisdiction of the state of Oklahoma, and cannot be made to respond to any affirmative judgment or order which may be rendered in the case, the appeal herein is dismissed.

EDWARDS and DAVENPORT, JJ., concur.