## KIRK et al. v. STATE.

No. 19598. Opinion Filed Sept. 9, 1930.

Commissioners' Opinion, Division No. 1.

Woodson E. Norvell, for plaintiffs in error.

Byron Kirkpatrick and Hugh Webster, for defendant in error.

REID, C. On February 18, 1926, one Bill Kirk was sentenced in the district court of Tulsa county on a charge of burglary, to serve a term of two years in the state peniteniary. Kirk appealed from the sentence and superseded the judgment and sentence by giving bond, whereupon he was released from custody. He thereafter went to the state of Kansas, and while there was arrested and convicted of a crime committed after his sentence in Oklahoma, and was sentenced in the Kansas case to a term of five to ten years in the reformatory of that state. On motion of the Attorney General of this state, the Criminal Court of Appeals of Oklahoma, on October 4, 1927, dismissed Kirk's appeal from his conviction in Tulsa county, on the ground that he had become a fugitive from justice and could not be made to respond to the judgment of conviction in this state. See Kirk v. State, 38 Okla. Cr. 185, 259 Pac. 667. The mandate on the dismissal was filed in the district court of Tulsa county on November 12, 1927, spread of record November 14th, and an order of forfeiture was taken on the supersedeas bond on November 17, 1927, on the failure of Kirk to appear, and the county attorney was directed to file suit on the bond.

Going to another set of events, we find that upon request made by the Governor of this state to the Governor of Kansas, Kirk was brought from the reformatory of Kansas to Rogers county, Okla., to testify for the state in a case pending in the district court of Rogers county. On this trip Kirk was in the custody and charge of a Kansas officer. When Kirk had testified, the officer in returning him to Kansas went by Tulsa, Okla., where he had other official business. They arrived in Tulsa about 9:00 p. m., October 19, 1927, and the officer placed Kirk in the county jail for safekeeping while he attended to other business. On October 19th, while Kirk was in jail, he notified the sheriff of Tulsa county that he then desired to place himself in the custody of the sheriff to be transported to the penitentiary at Mc-Alester, to begin there his sentence on his conviction in Tulsa county. He also applied for and had served upon the sheriff a writ of habeas corpus on the same day, and in which application he sought to have the court inquire into the reasons for his detention. Kirk was held in jail until 10:30 p. m., October 19, 1927, when the Kansas officer took him from the jail and returned him to the Kansas reformatory.

This is an appeal by the parties on Kirk's supersedeas bond from an order of the district court of Tulsa county refusing to set aside the forefeiture of such bond. The motion of the parties seems based on the proposition that, when Kirk was in the Tulsa county jail on October 19, 1927, and notified the sheriff that he surrendered himself for imprisonment on the conviction there had, such operated to discharge his bond.

The arrest and imprisonment of Kirk in the state of Kansas for an offense committed there after the execution of the supersedeas bond in this state was no legal excuse for the failure of his bail to have him present in court as stipulated in his bond. 3 R. C.

L. 53; 6 C. J. 1027; Taylor v. Taintor, 16 Wall. 363, 21 L. Ed. 287; Briggs v. Commonwealth, 185 Ky. 340, 215 S. W. 975, 8 A. L. R. 363; State v. Douglas, 91 W. Va. 338, 112 S. E. 584, 26 A. L. R. 408; State v. Horn, 70 Mo. 466, 35 Am. Rep. 437; Cozart v. Wolf (Ind.) 112 N. E. 241; King v. State, 18 Neb. 375, 25 N. W. 519. The same principle decided in the foregoing cases has been applied by this court in the case of Metcalf v. State, 57 Okla. 64, 156 Pac. 305.

We cannot agree with the contention made by the plaintiffs in error that Kirk, on October 19, 1927, while in the Tulsa county jail, by offering to surrender himself and begin his sentence, could thus relieve his bail. He was in no position to carry out his offer. He was not subject to the jurisdiction of the courts and officers of this state. He was in the custody and charge of the Kansas officer, acting on authority of that state, and though in Tulsa county jail, he was no more the prisoner and subject to the jurisdiction of the Tulsa sheriff, as an Oklahoma officer, than if he had been confined by the Kansas officer in any other building in that county. It was the duty of the Kansas officer to return Kirk to the Kansas prison, which he did, and on account of which Kirk was unable to respond on his bond. He was brought to this state under at least the implied agreement that he would be permitted to return. It would sanction the rankest breach of good faith and comity between states for this court to say now that an officer of this state had the right, under these circumstances, to hold Kirk to answer for his conviction here.

While he had obtained a writ of habeas corpus to inquire into his confinement, and it probably would have been more orderly procedure for the Kansas officer to await a final judgment on the question, if he knew of the issuance of the writ, yet, as no writ had been served on him, and as it would have surely followed that Kirk would have been remanded to the custody of such officer, it follows that the issuance of the writ adds nothing to the contention of the sureties..

The judgment of the trial court is affirmed.

HALL, LEACH, DIFFENDAFFER, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.