RICKS v. STATE.

No. 30334.  Nov. 12, 1941.

*119 P. 2d 51.*

Robert E. Shelton, of Chickasha, for plaintiff in error.

T. H. Williams, Jr., County Attorney, of Chickasha, for defendant in error.

HURST, J. This is an appeal by Z. H. Ricks, surety on a criminal appearance bond made by A. E. Loudermilk in the district court of Grady county, from an order denying his application to set aside the forfeiture of the bond. The bond was given on February 16, 1940.

On March 20, 1940, Loudermilk was arrested by the police of Oklahoma City for illegal possession, on that day, of nontax-paid whisky. On March 22, 1940, he was released to the federal officers for prosecution on that charge, and was taken into custody by them. He was indicted on said charge on June 4, 1940, on two counts. The police records of Oklahoma City show that thereafter on June 16, 1940, on August 26, 1940, and on September 2, 1940, he was arrested by the police officers of Oklahoma City for violation of the city ordinances and was fined for each offense. It thus appears that Loudermilk was at liberty in Oklahoma City during the summer months of 1940. Ricks testified that he had heard that he was released on bond from the federal charge. On September 14, 1940, he pleaded guilty to the charge in the federal court and was sentenced to serve 18 months in the federal penitentiary and to pay a fine of $500 on each count, the sentences to run concurrently. He was immediately placed in the federal penitentiary.

His case in Grady county was set for trial for October 9, 1940. On October 8th, Ricks conferred with the clerk of the United States District Court on the possibility of bringing Loudermilk to Grady county for trial, but he was advised that it could not be done. He then procured a certified copy of the proceedings in the federal court and conferred with the county attorney of Grady county about the matter. On October 9, 1940, when the criminal case in Grady county was called for trial, the appearance bond was ordered forfeited for failure of Loudermilk to appear, he then being in the federal penitentiary. On November 6, 1940, Ricks filed in the district court of Grady county an application to set aside the bond forfeiture, and a plea for continuance of the criminal case until Loudermilk should be released from the federal penitentiary. This application was denied on January 20, 1941, and Ricks appeals. He argues: (1) that the nonappearance of Loudermilk was caused by the act of the obligee; (2) that it was caused by the act of the law; and (3) that the court

abused its discretion in refusing to vacate the bond forfeiture and grant the continuance.

1. On the first question it is sufficient to say that there is no basis for the contention that the obligee (the state) by any act it did made it impossible for Loudermilk to appear for trial in Grady county. During the summer of 1940, while Loudermilk was at liberty and being three times arrested and fined for violating the ordinances of Oklahoma City, he had it in his power to surrender for trial in the district court of Grady county or in the federal court. He chose to appear in the federal court, and by his voluntary act made it impossible to thereafter appear in the state court. Therefore, his failure to appear in Grady county was not occasioned by any act of the state, the obligee in the bond given in Grady county. Metcalf v. State, 57 Okla. 64, 156 P. 305. L.R.A. 1916E, 595.

2. The decision in Metcalf v. State, above, is decisive of the second proposition. Ricks contends, however, that the rule there stated is wrong and that the decision should be overruled. The case was followed in Kirk v. State, 144 Okla. 242, 291 P. 90, and has not been departed from. While, as pointed out by Ricks, a contrary rule obtains in some jurisdictions, we think the case is sound and adhere to it. The rule there laid down is that where, after an accused is released on bond in a criminal case pending in the courts of this state, he is thereafter arrested by the authorities of another jurisdiction, whether the federal government or another state, for a crime committed in such other jurisdiction subsequent to his release on bond, and is in the custody of the officers of the other jurisdiction, and for that reason cannot appear for trial in the court where he has made bond, his failure to so appear is due to his own voluntary act in committing the second offense, and he is not prevented by act of the law from making his appearance so as to require a vacation of the order forfeiting the bond. For a discussion of the question and collection of authorities,

see 6 C. J. 1026, § 281; 8 C. J. S. 148, § 77; 3 R.C.L. 53, § 64; 6 Am. Jur. 103, § 140; 26 A.L.R. 412, annotation.

3. The third contention of Ricks is likewise answered in the negative. He cites no authorities which support such contention. The real ground for asking that the bond forfeiture be vacated and that the criminal case be continued was that Loudermilk by his own criminal act had made it impossible for Ricks to produce him. The county attorney calls our attention to the fact that Ricks does not bring himself within the terms of section 396, O. S. 1931, 12 O.S.A. 667, which authorizes the court to grant a continuance in a civil case when certain conditions have been complied with. We conclude that the court did not abuse its discretion in refusing to vacate the forfeiture and in declining to order a continuance of the criminal case. See 4 Okla. Digest, Continuance, Key No. 7; 5 Okla. Digest, Criminal Law, Key No. 586.

Judgment affirmed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. CORN, V. C. J., dissents. RILEY and DAVISON, JJ., absent.