WARD et al. v. STATE ex rel. CARMAN, Co. Atty.

No. 32991.    Oct. 28, 1947.

Rehearing Denied March 23, 1948.

*196 P. 2d 856.*

Tillman & Tillman, of Pawhuska, and Kelly Brown, of Muskogee, for plaintiffs in error.

Sim T. Carman, Co. Atty., of Pawhuska, for defendant in error.

CORN, J.    March 11, 1946, Earl Ward was arraigned in the district court of Osage county upon a felony charge (second degree burglary, second offense).    Appearance bond was set at $5,000 and Ward was committed to jail upon his failure to furnish bond.

March 21, 1946, Ward, as principal, and other defendants herein, as sureties, executed an appearance bond of $5,000 in favor of the state, conditioned upon Ward's appearance before the district court of Osage county on April 10, 1946, for trial upon the offense charged.

Ward failed to appear for trial on the date set.    The trial court thereupon ordered the bond forfeited and suit brought thereon, resulting in the filing of the present action.

Various motions were filed by defendants, and a demurrer to the petition, all of which were overruled.    Defendants thereafter filed answer alleging that although Ward did not appear for trial, his attorneys had appeared and advised the court defendant was unable to be present because he was in custody of the United States Marshal for the Eastern District of Oklahoma. Further, that to obtain his attendance as required by the bond, they had at-

tempted to secure his release for this purpose but such request had been refused, as had a request to the district court of Osage county to grant time within which to produce defendant to fulfill conditions of the bond. Also, that the plaintiff, county attorney, had joined in resisting the efforts of the principal and sureties to present him for trial, by advising the United States Marshal that if Ward made appearance in the district court to answer the charge there, they would not redeliver him to the custody of the federal authorities.

The record shows that after being released upon bond, and before time for trial in Osage county, defendant was taken into custody by the Federal authorities and charged with an offense, committed after his release on said bond. He thereafter entered a plea of guilty and received sentence.

Defendant's request for a jury trial was overruled. After hearing the matter the trial court found the issues for plaintiff and entered judgment against the defendants for the amount of the bond, $5,000, with interest and costs.

Defendants base their claim for reversal of this judgment upon two propositions. It is first urged that a forfeiture should not have been ordered and judgment rendered against the sureties when the principal was prevented from appearing by an act of law, joined in and accelerated by the state. Defendants assert that because Ward was held in Federal custody upon another charge, and his release for the purpose of answering the charge against him in Osage county was refused, this constituted an act of law sufficient to excuse his failure to appear and thus exonerate the sureties upon the appearance bond.

In 6 Am. Jur., Bail & Recognizance, sec. 140, @ 103, the general rule is stated as follows:

"An arrest in another jurisdiction for a second and different offense does not operate to discharge the sureties on a bail bond, for, as has been pointed out, the performance of the contract has not been prevented by the act of the state, which is the obligee in the recognizance and in reference to the laws of which the contract was entered into. Furthermore—and this is probably a more cogent reason—the removal of the principal to another jurisdiction and his falling into custody of the law are the result of his own voluntary act. A distinction is to be observed between the act of the law proper and the act of the obligor exposing him to the action and control of the law. . . ."

Application of the above rule in this jurisdiction may be noted in Metcalf v. State, 57 Okla. 64, 156 P. 305; Kirk et al. v. State, 144 Okla. 242, 291 P. 90; Ricks v. State, 189 Okla. 598, 119 P. 2d 51. In the latter case a very similar situation was considered, and in that case essentially the same argument was made in asking this court to reverse the order of forfeiture entered by the trial court. Therein we pointed out that where an accused is released on bond and thereafter arrested by the authorities of another jurisdiction for a crime committed in that jurisdiction **subsequent to his release on bond,** and cannot appear for trial in the court where he made bond, such failure is the result of his own voluntary act in committing the second offense and not an act of law preventing his appearance for trial.

Under this same proposition defendants further contend that the act of law, which they assert exonerated the sureties, was accelerated by the county attorney's interference with defendants' attempts to secure Ward's release from Federal custody for the purpose of securing his attendance at trial in Osage county.

This argument is without substantial merit. The terms of the appearance bond required his presence upon the day of trial "until the charge . . . shall have been disposed of according to law and to do and receive what shall be enjoined by the said court upon him, . . ."

While defendants contend the county attorney interfered with their efforts to secure custody of their principal, by advising the Federal authorities that if custody and control of the principal was obtained then Osage county expected to retain custody for all purposes, we do not think that the declaration of the county attorney constituted interference as urged by defendants.

The second contention is that the trial court committed reversible error by refusing defendants' demand for a jury trial. By answer defendants denied all material allegations of the petition, and also alleged facts showing their attempt to comply with conditions of the bond and interference on the part of the county attorney preventing them from doing this. Thus they insist the pleadings raised an issue of fact which entitled them to a jury trial.

While the issues framed by the pleadings are derminative of the question of the right of a trial by jury (12 O. S. 1941 §554), it is also true that where only issues of law are presented the same must be tried by the court. 12 O.S. 1941, §556; State ex rel. Buckley v. Drake, 40 Okla. 538, 139 P. 976; Pruitt et al. v. State, etc., 186 Okla. 205, 97 P. 2d 35. The defense offered herein was that the principal's appearance at the time of trial was prevented by an act of law.

This being the only question, the demand for a jury trial was properly refused. Pruitt, etc. v. State, supra.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, GIBSON, and LUTTRELL, JJ., concur.