STATE OF NEBRASKA, APPELLEE, V. HERBERT FRANCIS HONEY ET AL., APPELLANTS.

86 N. W. 2d 187

Filed November 29, 1957. No. 34209.

*O'Sullivan & O'Sullivan,* for appellants.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Herbert Francis Honey, herein referred to as appellant, was charged with the crime of robbery in the district court for Douglas County. The court, on his application, fixed and required bail in the sum of $2,500 for his release from custody. He tendered an appearance bond in that amount signed by him as principal and The Summit Fidelity & Surety Co. of Akron, Ohio, as surety. It was approved and accepted by the court, placed of record in the office of the clerk of the court, and appellant was thereupon released from custody. The condition of the bond was that appellant would personally appear in the district court for Douglas County, Nebraska, from day to day and from term to term until final judgment or as directed by the court, until finally discharged, to answer the crime of robbery; that he would do what should be by the court enjoined upon him; and that he would not depart the court without leave.

Appellant was arraigned, pleaded not guilty to the charge made against him, and the trial of the offense was at that time by the court, in the presence and with the knowledge of appellant, ordered to begin at 9:30 o'clock in the forenoon of November 7, 1955. Appellant did not appear in court at that time and on request of the surety a hearing for forfeiture of the bond was continued until and was set for November 11, 1955. The surety filed objections to forfeiture of the bond to which reference will hereafter be made to the extent proper in the consideration and disposition of this appeal.

The hearing in reference to the forfeiture of the bond was had and on November 18, 1955, the court adjudged that it should be and it was forfeited in the sum of $2,500. The court, after a further hearing on the motion of the county attorney for a judgment on the forfeiture

of the bond and the objections of the surety, found on February 17, 1956, that judgment should be rendered against the surety for the amount of the bond and judgment was then rendered and entered against the surety for the sum of $2,500 and costs. A motion for a new trial was denied and this appeal was taken.

The only assignment of error is that the court erred in forfeiting the bond and entering judgment against the surety for the amount of it. The existence, validity, effectiveness, and breach of the bond were established. Appellant did not appear in court when the trial of the case was to have been commenced. He was at that time under arrest and in custody of the authorities of the State of Missouri. It was then believed that he was fleeing from the State of Iowa to evade prosecution for a crime he was suspected of having committed in that state. He was returned to Iowa and convicted of a felony. He has remained there. A case for forfeiture of the bond and a judgment against the surety for its penalty was complete and the action taken by the district court was inescapable.

It is provided by statute that if there is a breach of condition of a bail bond the court shall declare a forfeiture of the bail and when a forfeiture has been made the court shall on motion enter a judgment of default and execution may issue thereon. §§ 29-1106 and 29-1108, R. R. S. 1943.

In State ex rel. Smith v. Western Surety Co., 154 Neb. 895, 50 N. W. 2d 100, this court said: "The object of bail in a criminal case is to relieve the accused of imprisonment before his trial; to save the county the expense incident to his confinement before trial; and to insure his attendance to answer the charge against him and that he will abide the judgment of the court. * * * If the surety on a bail bond fails to deliver his principal into the custody of the proper officer of the law, or to procure his attendance in court, as the bond requires, the liability of the surety for the penalty of

the bond becomes absolute and the bond should be forfeited."

The bond was a contract between the surety and the State of Nebraska that if the latter would release the principal from custody the surety would undertake that the principal would appear personally at any specified time and place to answer the charge made against him. The surety upon failure of the principal to so appear became the absolute debtor of the State for the amount of the bond. When the surety made the bond it assumed the risk involved if its faith in the principal was misplaced. United States v. Davis, 202 F. 2d 621.

The objections of the surety to the forfeiture of the bond were in substance:

That the Governor of Iowa had requested extradition of appellant from this state and the Governor of Nebraska honored the request and issued a warrant for the arrest and extradition of appellant to Iowa; that the county attorney of Douglas County had knowledge thereof, made no objection or resistance thereto, and put forth no effort to detain appellant in Nebraska. The extradition warrant made by the Governor of Nebraska was not executed. There was no action taken affecting appellant or the surety because of it.

That appellant was arrested and detained in Kansas City, Missouri; that the surety, by its representative, made persistent and repeated efforts to secure the return of appellant to Omaha; that the surety solicited the assistance of the county attorney and sheriff of Douglas County, Nebraska, in an attempt to secure the return of appellant to Omaha from Kansas City, Missouri, and they each refused to cooperate in any way to accomplish that result; and that if the said officers of Douglas County had cooperated with and assisted the surety, appellant could and would have been returned to Omaha and produced in court.

It was not important that Nebraska officers did not assist the surety in its attempt to secure the return of

appellant. They had no duty to do so. Their refusal was not an interference with or an obstacle to the performance of the obligation of the surety as provided in the bond.

In Ward v. State ex rel. Carman, 200 Okl. 51, 196 P. 2d 856, 4 A. L. R. 2d 436, the court said: "While defendants contend the county attorney interfered with their efforts to secure custody of their principal, by advising the Federal authorities that if custody and control of the principal was obtained then Osage county expected to retain custody for all purposes, we do not think that the declaration of the county attorney constituted inerference as urged by defendants."

It is stated in United States v. Marrin, 170 F. 476: "It is contended his failure to appear resulted from the failure of the United States district attorney to urge Judge Chatfield to release him. Upon entering into the recognizance Marrin was delivered into the custody of his surety, who was thereafter responsible for his appearance. Upon this contract the government had a right to rely, and it is not required to go out of the jurisdiction in which the recognizance was given to help the cognizor to extricate himself from a situation in which he of his own motion became entangled."

The responsibility to have appellant in court when his presence was required was solely that of the surety. The essence of the complaint of the surety is that the officers did not do or assist in doing what the bond required of the surety. There is no showing that the officers or the State did anything to interfere with performance by the surety. The facts in reference to the efforts of the surety to apprehend and produce appellant for trial as the bond obligated it to do were immaterial to the matter of forfeiting the bond and the rendition of a judgment against the surety for the penalty of it. State ex rel. Smith v. Western Surety Co., *supra*.

The judgment should be and it is affirmed.

AFFIRMED.