The UNITED BONDING INSURANCE COM-
PANY, an Indiana Corporation,
Plaintiff in Error,

v.

STATE of Oklahoma ex rel. Clyde PATRICK,
County Attorney of Creek County, Okla-
homa, Defendant in Error.

No. 39621.

Supreme Court of Oklahoma.

May 29, 1962.

Rehearing Denied July 10, 1962.

Robert Douglas Scott, Tulsa, for plain-
tiff in error.

Clyde Patrick, Sapulpa, for defendant in
error.

JOHNSON, Justice.

In the present cause we are called upon
to pass upon the correctness of the trial
court's order denying a motion to vacate de-
fault judgment rendered against defendant-

surety in an action to recover on a forfeited appearance bond.

The action was instituted by the state on December 8, 1960. The petition alleges that United Bonding Insurance Company, defendant below and plaintiff in error in this court, was one of the sureties on an appearance bond of one Albert Robert McDonald, who was the defendant in a criminal case then pending in the District Court of Creek County; the bond was filed on August 23, 1960, and the case was set to be heard on October 13, 1960; the principal failed to appear and the lower court ordered a forfeiture of the bail bond. Defendant, United Bonding Insurance Company, filed a separate answer to the petition, admitting execution of the bond and the principal's failure to be present at the appointed time; defendant averred that the forfeiture of the bail bond should be declared null and void because the performance of its conditions was rendered impossible by an act of law. In this connection, defendant specifically alleged that on the date at which the principal was to appear in the District Court of Creek County he was in the custody of the United States Marshal for the Northern District of Oklahoma pursuant to a warrant or order charging him with violation of a probationary sentence of two years imposed upon him on November 2, 1959; that said probation was on October 18, 1960 declared revoked by the United States District Court for the Northern District of Oklahoma, and the principal was ordered committed to the federal custodial authorities to serve the remainder of his sentence. No reply was filed by the State.

On February 1, 1961, a default judgment was entered against the defendant for $3,500.00—the penal sum of the appearance bond, and on February 16th of that year defendant filed its motion to set aside default judgment, alleging that at the time the cause was set for trial he was attending court in Fort Smith, Arkansas, and was prevented from appearing in the case. Defendant alleged that it has a meritorious defense to this action. Upon a hearing held on defendant's motion, the trial court denied same "upon the ground that the Answer filed by the Defendant, United Bonding Insurance Company, herein does not state a meritorious defense."

The sole issue presented for our consideration is whether there was error in the trial court's conclusion that the answer did not state facts constituting "a meritorious defense" to the action.

Where an accused enlarged on bail bond is thereafter incarcerated by the authorities of another jurisdiction for a crime committed subsequent to his release on the bond and cannot appear for trial in the court in which the bail bond was posted, such failure is the result of his own voluntary act in committing the offense and not an act of law preventing his appearance for trial. Metcalf v. State, 57 Okl. 64, 156 P. 305, L.R.A.1916E, 595; Kirk et al. v. State, 144 Okl. 242, 291 P. 90; Ricks v. State, 189 Okl. 598, 119 P.2d 51.

This court said in Ward v. State of Oklahoma ex rel. Carman, 200 Okl. 51, 196 P.2d 856, 4 A.L.R.2d 436:

"Where an accused charged with a felony is admitted to bond and released to appear for trial in the district court where he is charged, and he is thereafter arrested and held in custody by Federal authorities on a charge growing out of an offense committed after his release upon bond, the fact he is held in custody and unable to appear for trial when required neither excuses his failure to appear nor exonerates the securities upon the bond."

See also annotation in 4 A.L.R.2d 449, et seq.

In Metcalf v. State, supra, at p. 307, 156 P., this court said:

" * * * If the principal voluntarily placed himself in a condition which caused his arrest subsequent to the time he executed the bond, he and his sureties cannot be heard to complain. If, however, the crime for

which he was arrested by the federal authorities was committed prior to the execution of his recognizance or was for the same crime for which he had been arrested in the state courts, or grew out of the crime for which he was arrested in the state courts, then and in those events the principal and his sureties would be entitled to vacate the forfeiture by reason of an act of law, and such reason would be sufficient cause under section 7112, (now 22 O. S.1961 § 1108) supra."

We perceive no logical or legal distinction between an arrest for a federal crime committed by the principal after the execution of the bail bond and his incarceration for a violation of a federal probationary sentence, where the proceeding for revocation of the sentence was instituted subsequent to the principal's release on the bail bond and the probationary violation was not *solely* related either to the same offense as that charged in the state court or to crimes or misconduct committed before the execution of the recognizance.

Defendant did not allege in its answer that the facts forming the basis of the federal court's action in revoking the principal's probationary sentence rested *solely* on the same offense on which he was enlarged or on some other misconduct which preceded, in point of time, his release on the bond; nor did the defendant aver that the application to revoke the principal's probation had been pending at the time the bail bond was executed in the District Court of Creek County. Rather, defendant's allegations indicate on their face and its brief admits that the revocation proceeding in the federal court was initiated after the execution of the bail bond.

We are therefore constrained to hold that defendant's answer states no defense to the action upon a forfeited appearance bond. Ramer v. State of Oklahoma ex rel. Ward, Okl., 302 P.2d 139.

In Rogers et al. v. Sheppard et al., 200 Okl. 203, 192 P.2d 643, we held:

"The Supreme Court will not reverse an order of the trial court denying a motion or petition to vacate a judgment, not void, where the appellant did not plead and prove in the trial court a valid defense if a defendant, or a valid cause of action if a plaintiff."

We find no abuse of discretion in the trial court's action denying defendant's motion to vacate judgment.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J. and DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.