UNITED BONDING INSURANCE COMPANY, Plaintiff in Error,

v.

STATE of Oklahoma ex rel. Clyde PATRICK, County Attorney, Creek County, Oklahoma, Defendant in Error.

No. 40079.

Supreme Court of Oklahoma.

May 28, 1963.

Robert Douglas Scott, Tulsa, for plaintiff in error.

Clyde Patrick, Sapulpa, for defendant in error.

IRWIN, Justice.

The State of Oklahoma, ex rel. Clyde Patrick, County Attorney of Creek County, brought an action against United Bonding Insurance Company for judgment on a forfeited appearance bond executed by the defendant bonding company as surety. Judgment was for plaintiff and after motion for new trial was overruled, the defendant bonding company perfected its appeal. The parties will be referred to as they appeared in the trial court.

The substance of the allegations in the petition is as follows: That Albert Robert McDonald was charged with a criminal offense in the County Court of Creek County; that on August 22, 1960, McDonald was released on an appearance bond in the sum of $1500.00; that the defendant bonding company was the surety on the appearance bond; that on November 29, 1960, McDonald failed to appear at his trial and that the County Court ordered the appearance bond forfeited and an action instituted thereon.

The bonding company admitted the execution of the appearance bond but denied liability on the ground that the principal, McDonald, was prevented by "an act of law" from appearing on November 29, 1960,

the date he should have appeared. The "act of law" which the bonding company relied upon was that McDonald was convicted in the Federal Court of Tulsa County on November 2, 1959, and was sentenced to serve two years in the penitentiary but the sentence was suspended during good behavior; that on October 18, 1960, the suspended sentence was revoked because of the criminal charge pending in Creek County and McDonald was in custody of the U. S. authorities the day he was to appear.

When the cause came on for hearing the defendant offered the stipulation of the parties that if the probation officer of the Federal Court were present, he would testify the revocation of McDonald's suspended sentence was on the sole ground of the criminal charges pending in Creek County. The State does not deny this statement.

In holding that a judgment should be entered against the bonding company the trial court stated that, " * * * the fact that prior to the end of the term there had been no effort to vacate the bond forfeiture on the part of the bonding company, coupled with the fact that this man was incarcerated in Federal custody subsequent to the time he made bail to the State of Oklahoma for an offense which he had entered a plea of guilty to and was on a suspended sentence or parol from the Federal Court, under those circumstances his failure to appear would not be sufficient * * *", where there was no evidence that it was through no fault of his own.

We will first consider the fact that the bonding company or McDonald did not appear before the final adjournment of the Court which forfeited the bond and make an effort to discharge the forfeiture as provided by Title 22 O.S.1961 § 1108.

The case of State ex rel Buckley v. Drake, 40 Okl. 538, 139 p. 976, involved an action to recover on a forfeited bail bond. In that case we recognized that certain matters might constitute a basis for setting aside a forfeited bail bond when proceeding under Sec. 1108, but that only a legal defense

could be effective against an action to recover on a forfeited bail bond and we held:

"In an action on a forfeited bond, the bail will not be exonerated, unless the performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law. Only a legal defense can be heard, and the fact that there was an appearance after forfeiture is not a legal defense, though proper matter to be addressed to the discretion of the court which adjudged the forfeiture to have same set aside under Comp.Laws 1909, § 7112."

The above case was cited with approval in Metcalf v. State, 57 Okl. 64, 156 P. 305, L.R.A.1916E, 595, wherein we said:

"There are three grounds which constitute sufficient legal cause to vacate and set aside the forfeiture of a recognizance * * * independent of the discretionary power conferred by said section: First, the act of God; second, the act of the obligee; and, third, the act of law. * * . * "

In Ramer v. State ex rel. Ward, Okl. 302 P.2d 139, we held:

"In an action on a forfeited appearance bond, the sole defenses thereto are that the performance of the conditions therein have been rendered reasonably impossible either by an act of God, an act of the obligee, or an act of law. Where neither of these conditions are alleged by facts showing their existence, no defense is presented."

■ We can only conclude that where an action is brought to recover on a forfeited appearance bond, the obligor of said bond can defend such action on the ground that the performance of the conditions therein have been rendered reasonably impossible either by an act of God, an act of the obligee, or an act of law, and either one of the three legal defenses are available to the obligor even though the obligor made no effort to discharge the forfeited bond as provided by Title 22 O.S.1961 § 1108.

We therefore hold that the bonding company can defend the present action on the ground that the performance of the conditions contained in the appearance bond have been rendered reasonably impossible by "an act of law." We will now consider whether the allegations and facts support a defense of "an act of law."

In Metcalf v. State, 57 Okl. 64, 156 P. 305, we said:

" * * * The principal and his sureties in the instant case have shown that the principal was prevented from complying with the terms of his recognizance by reason of his incarceration in the federal jail, but they have not shown that his incarceration was through no fault of his own; that is, they have failed to show that the subsequent arrest was not of his own procurement nor for a crime committed after the execution of the recognizance under consideration. If the principal voluntarily placed himself in a condition which caused his arrest subsequent to the time he executed the bond he and his sureties cannot be heard to complain. If, however, the crime for which he was arrested by the federal authorities was committed prior to the execution of his recognizance or was for the same crime for which he had been arrested in the state courts, or grew out of the crime for which he was arrested in the state courts, then and in those events the principal and his sureties would be entitled to vacate the forfeiture by reason of an act of law, and such reason would be sufficient cause under section 7112, supra. In the instant case there was no attempt made to show that the crime for which the principal was arrested by the federal authorities was committed prior to the time he executed his bond in the state court, or was for the same crime for which he was charged in the state court or grew out of such crime, and, in the absence of such a showing, the trial

court properly refused to vacate the forfeiture."

In Ward v. State ex rel. Carman, 200 Okl. 51, 196 P.2d 856, 4 A.L.R.2d 436, we held:

"Where an accused charged with a felony is admitted to bond and released to appear for trial in the district court where he is charged, and he is thereafter arrested and held in custody by Federal authorities on a charge growing out of an offense committed after his release upon bond, the fact he is held in custody and unable to appear for trial when required neither excuses his failure to appear nor exonerates the securities upon the bond."

See also 4 A.L.R.2d 440.

The recent case of United Bonding Insurance Company v. State ex rel. Patrick, Okl., 373 P.2d 64, involved the same parties and was an action on a forfeiture appearance bond in which the principal was the same McDonald as involved herein. However, in that action, in which this Court affirmed the forfeiture, the bonding company did not defend the action on the grounds that the basis for revocation of the suspended sentence related to the alleged crime for which the appearance bond was executed and we said:

"We perceive no logical or legal distinction between an arrest for a federal crime committed by the principal after the execution of the bail bond and his incarceration for a violation of a federal probationary sentence, where the proceeding for revocation of the sentence was instituted subsequent to the principal's release on the bail bond and the probationary violation was not solely related either to the same offense as that charged in the state court or to crimes or misconduct committed before the execution of the recognizance.

"Defendant did not allege in its answer that the facts forming the basis of the federal court's action in revoking the principal's probationary sentence rested solely on the same offense on which he was enlarged or on some other misconduct which preceded, in point of time, his release on the bond; * * *."

We conclude that where an individual is convicted of a crime in a federal court and a penitentiary sentence imposed but such sentence is suspended during good behavior, and the individual is subsequently charged with a crime in a state court and released on the execution of an appearance bond; if the performance of the appearance bond is rendered reasonably impossible because the individual's suspended sentence has been revoked solely on the grounds growing out of the state charges, such would constitute "an act of law" as that term is used in the defense of an action to recover on a forfeited appearance bond.

As heretofore stated, the defendant bonding company defended the present action on the ground that the revocation of the federal suspended sentence was based solely on and was a result of the criminal charges being filed in Creek County against McDonald. Therefore, the principal, McDonald, was unable to appear as provided in the appearance bond because of criminal proceedings which transpired prior to the time he was released on the appearance bond which forms the basis of the present action. We can only conclude that such circumstances constitute "an act of law" as that term is used in the defense of an action to recover on a forfeited appearance bond.

Since the defendant bonding company had a legal defense against the action to recover on the forfeited appearance bond, the judgment and/or order appealed from must be reversed.

Judgment reversed.

WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.

BLACKBIRD, C. J., dissents.