436 P.2d 792

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Norbet NELSON, aka Carl Douglas, Defendant,**

**Dewey L. Sanone, Bondsman, Appellant.**

**No. 10918.**

Supreme Court of Utah.

Jan. 22, 1968.

Robert Van Sciver, Karras, Van Sciver & Yocom, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Warren M. Weggeland, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Appellant bondsman, Dewey Sanone, seeks reversal of a judgment for $1,000 entered against him for a forfeiture of a bail bond in the District Court of the Seventh District, Price, Utah, when his principal, defendant Norbet Nelson, failed to appear to answer to a charge of attempted grand larceny on which he had been bound over for trial.

The arraignment was set for November 10, 1966. The defendant failed to appear. The court accepted an excuse offered by his counsel based on information that the defendant was in the state of Tennessee and continued the matter to November 22nd. On that date the defendant again failed to appear, and defense counsel indicated to the court that he was not sure as to the defendant's whereabouts. The court advised counsel, and ordered that the defendant and the bondsman both be notified, that the matter would be heard on November 28th. On the latter date neither the defendant nor the bondsman appeared and the court ordered forfeiture of the bond.

On February 7, 1967, a hearing was had on the bondsman's motion to set aside the forfeiture based on our statute 77–43–25, U.C.A.1953, which provides:

> * * * if at any time before the final judgment of the court the defendant or his bail appears and satisfactorily excuses his neglect, the court *may* direct the forfeiture of the undertaking * * * to be discharged upon such terms as may be just.

Testimony was given to the effect that about the time of the original arraignment, November 10, the defendant had been in Salt Lake City; and a letter was presented to the court indicating that as of December 1, 1966, the defendant was being held by Tennessee authorities. The court denied the bondsman's motion, and on a later date, May 3, 1967, entered the judgment herein appealed from.

In support of his argument that the trial court erred in refusing to set aside the forfeiture of the bond, appellant relies on the general rule of law that a failure to appear will be deemed excusable if prevented by (1) an act of God, (2) an act of the obligee on the bond, or (3) an act of law.[1] His position is that the incarceration of the accused in Tennessee meets that requirement as an act of law over which he has no control, which prevented his principal from appearing, and that the court was obliged to recognize this and set aside the forfeiture of the bond.

---

1. State v. Pelley, 222 N.C. 684, 24 S.E.2d 635, 637 (1943); 8 Am.Jur.2d, § 177, p. 879; 8 C.J.S. Bail § 77, p. 208.

■■ The effect of furnishing a bail bond is the entering into a contract to guarantee that the principal will appear in court as required. It is the surety who assumes the risk of failure to comply and of forfeiture when his faith has been misplaced.[2] When the accused failed to appear the contract was breached and the court was justified in forfeiting the bond according to its terms. When such an order of forfeiture has properly been made, whether it will be set aside rests within the discretion of the trial court. The burden of proof is upon the surety to convince him by a preponderance of credible evidence that the failure to appear was excusable; and his ruling thereon will not be disturbed unless it appears that there is a patent and arbitrary abuse of his discretion.[3]

The general rule is that relief will be refused where the defendant was at large on the date of the default and was arrested in another state after the default.[4] This is borne out in the Oklahoma case of Ward v. State[5] where the facts are very similar to those in this case. The court stated:

\* \* \* (W)here an accused is released on bond and thereafter arrested by \* \* another jurisdiction \* \* \* and cannot appear for trial in the court where he made bond, such failure is the result of his own voluntary act in committing the second offense and not an act of law preventing his appearance at trial.

We have discovered nothing in this record to persuade us that the trial court. abused his discretion in refusing to set aside the forfeiture of the bond. Accordingly, the judgment is affirmed. No costs awarded.

CALLISTER, TUCKETT and EL-LETT, JJ., concur.

HENRIOD, J., does not participate herein.

2. Bowling v. State, 229 Ark. 441, 316 S.W.2d 343; State v. Honey, 165 Neb. 494, 86 N.W.2d 187; 8 Am.Jur.2d, Bail, Sec. 188.
3. See People v. Wilcox, 53 Cal.2d 651, 2 Cal.Rptr. 754, 349 P.2d 522, 525, 78 A.L.R.2d 1174; State v. Jakshitz, 76 Wash. 253, 136 P. 132.
4. Sec. 8, Am.Jur., Bail, Sec. 187.
5. 200 Okl. 51, 196 P.2d 856, 4 A.L.R.2d 436.