STATE of Oklahoma, Appellant,

v.

Thomas Joe HOLT, and Otto Askins, Bondsman, Appellees.

No. 48567.

Supreme Court of Oklahoma.

Nov. 2, 1976.

James P. Laurence, Asst. Dist. Atty., Oklahoma City, for appellant.

Judd Black, Oklahoma City, for appellees.

DAVISON, Justice:

This case involves an action brought by the State attacking the trial court's sustaining of a motion to set aside an order declaring forfeiture of a bail bond. The sole issue raised is whether the trial court, in sustaining the motion, abused its discretion.

The record shows the accused, principal on the bond, was arrested in Oklahoma County for armed robbery, and released the following day on $15,000.00 bail bond.

After being released on bond, the accused, apparently without permission, left the jurisdiction and committed an armed robbery in Texas, for which he was arrested, tried, convicted and sentenced to a 99 year prison term.

Originally set for November 12, 1974, the accused's Oklahoma preliminary hearing was continued once, then passed until March 4, 1975. The record indicates that as early as December 5, 1974, almost three months prior to the scheduled date of his preliminary hearing, the accused, through his attorney, informed the Oklahoma County District Attorney's office that he would agree to extradition. The record further shows that the accused was willing to plead guilty to the charges against him in Oklahoma, under the Uniform Disposition of Criminal Cases on the Merits Act (22 O.S. §§ 1145.1 et seq.).

In spite of the accused's willingness to cooperate in his extradition, and in the disposition of his case on the merits, the District Attorney's office in Oklahoma County refused to take any action to extradite or dispose of the case on the merits.

On March 4, 1975, at the request of the District Attorney's office, the accused's $15,000.00 bail bond was forfeited, when the accused did not appear at his preliminary hearing.

A motion to set aside the order forfeiting the bond was timely filed and sustained by the trial court. We are asked today to determine whether the trial court, in sustaining the motion, abused its discretion.

Title 22 O.S.1971 § 1108, which deals with forfeiture of bail bonds, provides in part:

" * * * But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. . . . "

In *Mahaney v. State,* 106 Okl. 152, 233 P. 725, this Court held that the above stat-

utory provision, then codified as § 2927, C.O.S.1921, was addressed to the sound discretion of the court. In so holding, we stated:

"* * * *It is the manifest intention of the statute to encourage the giving of bail,* in proper cases. The right of bail is so fundamental that it is guaranteed in the Bill of Rights with certain qualifications. . . ." [Emphasis added]

In *Thomas v. State,* Okl., 421 P.2d 825 (1966), we again held that:

"* * * [A] motion to set aside a forfeiture of any appearance bond is addressed to the sound discretion of the trial court. *State v. Wright,* 193 Okl. 383, 143 P.2d 801; *Wilder v. State,* Okl., 310 P.2d 165. . . ."

In *State v. Wright,* 193 Okl. 383, 143 P. 2d 801 (1943), quoting from *State v. Olson,* 127 Wash. 300, 220 P. 776 (1923), we stated:

"'* * * A return of bail is made to rest upon such terms as shall be *just and equitable,* and the Supreme Court will not reverse an order except for a *manifest abuse of discretion.*'" [Emphasis added]

Although in the past, we have *affirmed* the actions of the trial court who refused to set aside bond forfeitures where accuseds had left the State without permission and been incarcerated for a crime committed after their release,[1] we cannot say, as a matter of law, that the trial court in the case before us abused its discretion in setting aside the bond forfeiture under the facts and circumstances here presented.

In the case before us, the accused has cooperated or offered to cooperate to the full extent of his capacity; and the District Attorney's office has refused to cooperate in extradition or disposal of the case on the merits.

In the case before us, the order setting aside the bond forfeiture provides that the bond is to remain in full force and effect for the payment of all accrued and accruing costs, including any expenses incurred in extradition, and further providing that an alias warrant for the accused be delivered to the proper Texas authorities as a detainer.

These actions taken by the trial court in setting aside the bond forfeiture were just, and equitably balanced the interests of the parties.

The trial court in taking such action did not abuse its discretion. We therefore affirm the action of the trial court.

All the Justices concur.

---

1. See: *Metcalf v. State,* 57 Okl. 64, 156 P. 305 (1916); *Kirk v. State,* 144 Okl. 242, 291 P. 90 (1930); *Ricks v. State,* 189 Okl. 598, 119 P.2d 51 (1941); *United Bonding* *Insurance Company v. State,* Okl., 373 P. 2d 64 (1962), and *Resolute Insurance Company v. State,* Okl., 479 P.2d 956 (1971).